# 23-496

RECEIVED
2023 JUL 24 PM 2:20
CLERK'S OFFICE
U.S. COURT OF APPEALS

--------------------------------------------------------------------

Samual G. Williams, Personally and as Member New York State Workers' Compensation Board; Mark Higgins, Personally and as Member New York State Workers' Compensation Board; Darlene Dorsett, Personally,

Defendants-Appellees.

On Appeal from the United States District Court for the Northern District of New York

## APPENDIX FOR PLAINTIFF

**ROBERT CRAIG CASSIDY   PLAINTIFF-APPELLANT**

43 PLEASANT STREET

RUTLAND, VERMONT 05701

518 585-6795

*For Defendants Jeff Mersmann and Pioneer Credit Recovery, Inc.:*
Jacqueline M. Aiello
Stradley Ronon Stevens & Young, LLP
100 Park Avenue, Suite 2000
New York, NY 10017

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I.     INTRODUCTION

Plaintiff pro se Robert Craig Cassidy, d/b/a Mountain Time Auctions, Antiques, and

Mattresses, brings this action against Defendants Eric Madoff, Executive Director of the New

York State Insurance Fund ("NYSIF"), the NYSIF, Clarissa Rodriguez, Chair of the New York

Workers' Compensation Board ("WCB"), the WCB, Jeff Mersmann, President of Pioneer Credit

Recovery, Inc. ("Pioneer"), and Pioneer. (Dkt. No. 1). He alleges denial of his due process and

equal protection rights under the U.S. Constitution, which he brings under 42 U.S.C. § 1983, as

well as violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18

U.S.C. §§ 1961–1968, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g,

and New York law. (Dkt. No. 1). Presently before the Court are Defendants' motions to dismiss

under Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 7, 13). Plaintiff opposes Defendants'

motions. (Dkt. Nos. 15, 16). The Court held oral argument on the motions via telephone

conference.  (*See* November 5, 2018 Minute Entry). For the reasons that follow, the motions are

granted in part and denied in part.

## II.    BACKGROUND[2]

In 2015, Plaintiff purchased Mountain Time Furniture, a "small auction house" in

Ticonderoga, New York, from Richard Harker. (Dkt. No. 1, at 3). On August 19, 2015, Plaintiff

---

[2] All facts are taken from the Amended Complaint and its exhibits and are assumed to be true for purposes of the parties' motions. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

PLAINTIFF'S EXHIBIT NO.   E X 001

CASE NO.:   2 3 - 4 9 6

IDENTIFICATION:   P A G E   001

and Harker "traveled to Elizabethtown, New York where Harker rescinded Mountain Time

Furniture's business certificate and Plaintiff filed a new business registration certificate for

Mountain Time Auctions, Antiques, and Mattresses, a personal proprietorship." (*Id.*).

On or about September 10, 2015, the NYSIF mailed to Harker—which Plaintiff

apparently received—a statement regarding workers' compensation for "Richard D Harker DBA

Mountain Time Furniture." (*Id.* at 17). The statement reflected "Workers' Compensation

Activity Period – 8/11/2015 to 09/10/205" and indicated a credit of $210.84. (*Id.*). On September

16, 2015, Plaintiff "mailed back" the statement to NYSIF and crossed out "Richard D Harker

DBA Mountain Time Furniture" and wrote in "Robert Craig Cassidy DBA Mountain Time

Auctions." (*Id.*). Plaintiff also wrote that he was "the new owner of the business and building . . .

and asked NYSIF to update their records and change workman's compensation policy

ownership." (*Id.* at 3).

In a letter to Plaintiff dated October 29, 2015, NYSIF employee Titian Dion wrote that

NYSIF had received Plaintiff's notification that "Richard D Harker DBA" was now "operating

under the name" "Robert Craig Cassidy DBA" with respect to "WC Policy: 1351815-4." (*Id.* at

18). Dion advised that "[i]n order that you may be properly protected under the policy, it is

essential that you fill out the enclosed Transfer of Interests forms," including an "Assignment of

Interest Agreement," and provide, inter alia, "the name of the new firm, INCLUDING THE

FEDERAL ID NUMBER." (*Id.* at 3, 18). Dion indicated that "[u]pon receipt of this form

properly completed, we will issue an endorsement effecting the transfer of the policy, unless the

conditions are such that the interest cannot be transferred." (*Id.* at 18).

On November 3, 2015, Plaintiff completed and mailed the "Assignment of Interest

Agreement," indicating that on August 19, 2015, "WC Policy: 1351815-4," "is hereby assigned

PLAINTIFF'S EXHIBIT NO.   E X 002

CASE NO.:   2 3 - 4 9 6

IDENTIFICATION:   P A G E   002

ADMITTED:

to" "Robert Craig Cassidy D/B/A Mountain Time Auctions, Antiques, Mattresses," and that the Federal ID number was 47-5236656. (*Id.* at 4, 19). Plaintiff's insurance agent and Harker also sent the NYSIF Assignment of Interest Agreements. (*Id.* at 15, 22).

The NYSIF issued bills to "Richard D Harker DBA Mountain Time Furniture" on December 10, 2015 ($246.56), March 10, 2016 ($300.70), and May 10, 2016 ($220.46) for "workers' compensation activity periods" November 11, 2015 to March 10, 2016 and April 12, 2016 to May 10, 2016. (*Id.* at 4, 23, 23, 28). Plaintiff paid these bills and the NYSIF accepted his payments. (*Id.*).

On or about March 11, 2016, Plaintiff communicated via email with William Farnan at NYSIF concerning the filing of an "Employers' Report of Injury" for an "incident involving [employee's] accident of 10/28/2015." (*Id.* at 21). Farnan provided a "Loss ID#" and noted that the policy number was "13518154." (*Id.*). This claim was "processed" and the claim was settled. (*Id.* at 4–5).

On July 19, 2016, Plaintiff filed a "Payroll Report" for the time period April 10, 2016 to June 23, 2016 with NYSIF. (*Id.* at 5, 30). On the form, Plaintiff crossed out "Richard D Harker DBA" and "Mountain Time Furniture" and wrote in "Robert Craig Cassidy, DBA" and "Mountain Time Auctions, Antiques, and Mattresses." (*Id.* at 30). The form references policy number A 1351815-4, and next to Federal Tax ID # is written 47-5236656. (*Id.*). On the form, Plaintiff reports two part-time employees and states: "Please note DBA + firm name changes on page 1." (*Id.* at 31).

On June 2, 2016, the WCB issued Plaintiff a "Notice of Penalty Pursuant to Section 52(5) of the Worker's Compensation Law," ("WCL"), based on Plaintiff's purported failure to procure

PLAINTIFF'S EXHIBIT NO.  E X 003

CASE NO.:  2 3 - 4 9 6

IDENTIFICATION:  P A G E  3

ADMITTED:

workers' compensation insurance coverage and assessed a penalty in the amount of $12,000. (*Id.*

at 32). The Notice reflects a Federal Tax ID number of 475236656 and states:

> [T]he Board has determined that:
>
> - Since 09/30/2015, the employer was required to provide workers' compensation insurance coverage for its employees.
> - The Board has no record of coverage for the period 09/30/2015 to the present.
>
> Therefore the [WCB] has determined that the employer is in violation of Workers' Compensation Law Section 52(5) for the period 09/30/2015 to the present. A penalty has been assessed for each 10 day period of non-compliance.
>
> . . . The Board strongly recommends that you request a review of this penalty if you were not required to have a policy. You should also request a review, to possibly reduce the penalty amount, even if you were required to have a policy.

(*Id.*). The WCB did not hold a hearing, receive evidence, employ an "unbiased referee," or

provide "written findings of fact" in assessing this penalty. (*Id.* at 5). Plaintiff notes that the

"very day [the WCB] fined Plaintiff $12,000.00 for not having workman's compensation

insurance, Plaintiff's premium check [to NYSIF] for May 28, 2016 cleared Plaintiff's bank

account." (*Id.*).

In a letter to the WCB dated July 1, 2016 regarding the $12,000 penalty, Plaintiff wrote:

> We formally protest and appeal the penalty levied without evidentiary hearing on this matter.
>
> This business has been in compliance since April 10, 2015, as the attached "Exhibit One" shows.
>
> Premiums have been paid and no less than three [Assignment of Interest] forms have been filed since September 2015.

(*Id.* at 33).[3]

---

[3] It is not clear why Plaintiff has labeled the separate pages as separate exhibits, and as appeals one through four. (*Id.* at 5, 33-36).

PLAINTIFF'S EXHIBIT NO.  EX 004
CASE NO.:  23 - 496
IDENTIFICATION:  PAGE 4
ADMITTED:

In a letter to Plaintiff dated October 7, 2016, the Penalty Review Unit of the WCB wrote

that it had reviewed his correspondence and determined that he was "subject to the coverage

requirements of the WCL" but that the WCB was unable to consider his request for

redetermination because:

> The employer is currently not in compliance with the requirements
> for coverage under the Workers Compensation Law for the above
> period. No proof of coverage has been received from your
> insurance company. Your policy with State Insurance Fund is still
> under your old Federal ID#.
>
> Please be advised that if you are subject to the Workers
> Compensation Law and have not obtained Workers Compensation
> coverage, penalties will be issued for all periods in which coverage
> was not in effect.
>
> Please advise your NYS Workers' Compensation Insurance carrier.
> [sic] THE STATE INSURANCE FUND to submit your coverage
> information electronically. This carrier should report this policy
> using your correct Federal ID# 475233656.

(*Id.* at 37 (emphases omitted)). The Federal Tax ID number Plaintiff had included on all of his

prior correspondence with NYSIF was 475236656.[4] (*See, e.g., id.* at 22). Plaintiff asserts that, for

nine months, NYSIF "had maliciously denied Plaintiff a change of federal tax number even as it

took Plaintiff's funds and refused Plaintiff's attempts to change Harker's Federal account

number to Plaintiff's Federal number." (*Id.* at 6).

On or about December 21, 2016, Plaintiff received a second penalty notice from the

WCB "raising the penalty to $22,000.00" without a hearing, evidence, written findings of fact, or

an unbiased referee. (*Id.* at 6, 40). Plaintiff's "gross payroll for the quarter ending December 31,

2016 was less than $2,000" and the WCB's action "put Plaintiff out of business." (*Id.* at 6).

---

[4] There is no indication in the Complaint whether the number in the WCB letter contains a typographical error or what impact, if any, these two different Federal Tax ID numbers had on the issues in this case.

PLAINTIFF'S EXHIBIT NO. _EX 005_

CASE NO.: _23-496_

IDENTIFICATION: _PAGE 5_

ADMITTED:

The Workers' Compensation Law establishes a procedure whereby Workers' Compensation Board statutory penalties can be converted to a judgment after certain administrative steps are completed. *See* WCL §23, §26, §52(5).

During the briefing of Defendants' most recent Motion to Dismiss, Attorney Joseph Slater, relying on the employer file contained in the WCB's electronic Insurance Compliance-2 system[2] (Dkt. 47-3, ¶1), indicated in his submission to this Court that a judgment was filed against the Plaintiff on March 30, 2018 (Dkt. 47-3, ¶9), and that there was no indication that anything was received by the Board from the Plaintiff between the time that the Board's penalty notice was sent to the Plaintiff and when the judgment was believed to have been filed (Dkt. 47-3, ¶10). In relaying this information to the Court, Attorney Slater relied on the WCB's electronic file, which indicated that all of the customary judgment documents were sent for filing, as well as an electronic confirmation, indicating that the judgment documents had been filed. *See* Dkt. 55-1, *Slater Reply Aff.*, ¶¶5-6.

Following Defendants' submission, Plaintiff provided proof to this Court indicating that the Defendants' information concerning the judgment was not accurate. *See* Dkt. 50. Although the WCB's IC-2 system showed that the judgment had been filed, it had not, in fact, been filed. *See* Dkt. 50.

Immediately after having received this information, Attorney Joseph Slater attempted to locate the judgment that he believed had been filed. *See* Dkt. 55-1, *Slater Reply Aff.*, ¶8. Attorney

---

[2] The Board's "Insurance Compliance-2" system, or "IC-2" system, is a proprietary computer-based system designed, operated and maintained by the Board, which the Board uses to ensure that New York State employers comply with their respective workers' compensation coverage requirements. As is germane to the instant action, the IC-2 system is also utilized by the Board to issue penalty notices and, ultimately, to issue judgments to non-compliant employers, as well as to organize and adjudicate all employer-initiated redetermination requests.

PLAINTIFF'S EXHIBIT NO. EX 006
CASE NO.: 23-496
IDENTIFICATION: PAGE 6
ADMITTED:



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct: (518) 776-2599
Writer's Email: Brian.Matula@ag.ny.gov

December 17, 2019

Hon. Brenda K. Sannes
United States District Court
Federal Building and U.S. Courthouse
PO Box 7336
Syracuse, New York 13261-7336

     Re:   *Cassidy v. Madoff*
           Docket No.: 18-cv-394

Dear Judge Sannes,

     This Office represents the State Defendants in the above referenced case. I am writing with regard to Plaintiff's most recent application for a Preliminary Injunction (Dkt. 60) and Temporary Restraining Notice (Dkt. 59). Plaintiff requests the issuance of "restraining order copies" (Dkt. 59), and a determination that the judgment that has been filed is "repugnant to the Constitution. . . . " (Dkt. 60 at 16). Plaintiff also appears to demand the production of the names and addresses of every party ever assessed a penalty by the WCB from the filing of the action in 2018 until the present so that he may determine whether or not his action should be converted into a class action lawsuit.

     First, this Office and the WCB attorneys who are involved in the instant litigation were not made aware that a Judgment was filed against Mr. Cassidy until we received Mr. Cassidy's current application to this Court by ECF notice on December 5, 2019. Upon receipt of this application, the WCB attorneys learned that, unbeknownst to them, the WCB's Judgment Unit had filed the Judgment and issued their standard related documents, including a restraining notice. Upon review, the WCB attorneys learned that because there was no injunction in this case, a formal "hold" was not entered in the WCB's internal computer system which would have prevented the issuance of the Judgment. Rather, an informal notation was made in the employer record.

     After consultation between the Judgment Unit, the attorneys for WCB and this Office, the WCB, on December 6, 2019, vacated the Judgment that Mr. Cassidy references in his current application. Attached hereto is a copy of the Vacatur of Judgment and the confirmation notice indicating that the Judgment has indeed been vacated. Thus, as it now stands, the Judgment has

THE CAPI

PLAINTIFF'S EXHIBIT NO. EX 007
CASE NO.: 23 - 496
IDENTIFICATION: PAGE 7

been vacated and the WCB has no intention of re-filing the Judgment or beginning collection efforts against the Plaintiff during the pendency of this action. There is therefore no imminent threat of harm to Plaintiff which would warrant preliminary relief.

The lack of any imminent harm is made especially apparent by the fact that despite this action having been commenced in April 2018, the WCB has refrained from any efforts to collect the subject penalty (which underlies and gives rise to a potential judgment) from Mr. Cassidy. Not only has the WCB not endeavored to collect that penalty, but in the context of settlement, WCB offered to vacate the penalty in its entirety in exchange for the mere discontinuance of this action – an offer Mr. Cassidy rejected out of hand. Rather, as it stands now, Mr. Cassidy's price for a discontinuance of this litigation (which seeks to invalidate a $22,500 debt) is inexplicably in excess of $100,000.

Mr. Cassidy's application for immediate relief was rendered moot by the WCB vacating the Judgment one day after learning of it. Thus, there is no longer a Judgment which necessitates the issuance of notices to local law enforcement agencies, or a declaration that the Judgment is "repugnant to the Constitution." Further, there is also nothing which warrants the Parties to engage in any discovery while there is a dispositive motion pending before this Court.

We respectfully request that Plaintiff's application be denied.

Respectfully yours,

s/Brian W. Matula

Brian W. Matula, Esq.
Assistant Attorney General
Bar Roll No. 511717

PLAINTIFF'S EXHIBIT NO. _E X 008_

CASE NO.: _23 - 496_

IDENTIFICATION: _PAGE 8_

ADMITTED:

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROBERT CRAIG CASSIDY, d/b/a MOUNTAIN TIME
AUCTIONS, ANTIQUES, AND MATTRESSES,

                                    Plaintiff,

        - v -                                    Civ. No. 8:18-CV-394
                                                              (DJS)
CLARISSA M. RODRIGUEZ, *et al.*,

                                    Defendants.

**APPEARANCES:**                    **OF COUNSEL:**

ROBERT CRAIG CASSIDY
Plaintiff, *Pro Se*
Rutland, Vermont 05701

HON. LETITIA JAMES                  BRIAN W. MATULA, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

**DECISION and ORDER**

Presently pending is Plaintiff's Motion for Joinder of Parties. Dkt. No. 82.

Defendants oppose the Motion. Dkt. No. 88. Two named Defendants and six John Doe

Defendants remain parties to this action, all other named Defendants having previously

been dismissed. Dkt. No. 67. Plaintiff now seeks to add seven named Defendants, as

well as additional causes of action. Dkt. No. 82. For the reasons that follow, the Motion

is denied.

PLAINTIFF'S EXHIBIT NO.  EX 009

CASE NO.:  23-496

IDENTIFICATION:  PAGE  9

ADMITTED:

## I. BACKGROUND

The Complaint in this action was filed April 2, 2018.  Dkt. No. 1.  Defendants
moved to dismiss the Complaint which resulted in partial dismissal, including dismissal
of claims against the Worker's Compensation Board ("WCB") and New York State
Insurance Fund ("NYSIF") on Eleventh Amendment sovereign immunity grounds.  Dkt.
No. 23 at pp. 12-15.  The District Court then permitted Plaintiff to file an Amended
Complaint.  *Id.* at p. 29.  That Amended Complaint was filed on December 4, 2018.  Dkt.
No. 24.  Following another motion to dismiss, the Court again noted that claims against
the WCB and NYSIF were barred by sovereign immunity.  Dkt. No. 67 at p. 14.  The
Court also directed that three John Doe members of the WCB Penalty Review Unit be
added to the Complaint.  *Id.* at p. 35.  The case has proceeded since that point with
discovery.  The present scheduling deadlines in place set the close of discovery for
October 9, 2020 and called for dispositive motions to be filed by November 30, 2020.
Dkt. No. 78.

## II. JOINDER OF PARTIES

### A. Legal Standard

Though designated as an "Application for Joinder of Parties," Plaintiff's Motion
seeks to both join parties and add new claims.  *See generally* Dkt. No. 82.  As such, the
Court must consider the applicability of Federal Rules 15, 20, and 21 in addressing this
Motion.  Under Rule 15 leave to amend a pleading should be "freely given when justice
so requires."  *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006); *Ellis v.*

PLAINTIFF'S EXHIBIT NO.  *EX 010*

CASE NO.:  23-496

IDENTIFICATION:  PAGE 10

ADMITTED:

example, introducing new issues for discovery.'" *Funches v. Russo*, 2019 WL 5191497,

at *2 (N.D.N.Y. Oct. 15, 2019) (quoting *Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir.

2000)).  "Prejudice may result where the amendment seeks to add a new claim, derived

from a different set of facts of which the original complaint did not provide adequate

notice."  *Chapman v. YMCA of Greater Buffalo*, 161 F.R.D. 21, 24 (W.D.N.Y. 1995)

(citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985)).

## B. Discussion

### 1. Failure to Comply with the Local Rules

As an initial matter, the Motion is denied because Plaintiff has failed to comply

with the Northern District's Local Rules for amendment of pleadings.  N.D.N.Y.L.R.

7.1(a)(4) provides: "A party moving to amend a pleading pursuant to Fed. R. Civ. P. 14,

15, 19-22 must attach an unsigned copy of the proposed amended pleading to its motion

papers."  Plaintiff did not do so here and the failure to do so is a basis for denying the

Motion.  *Dimperio v. Onondaga Cty.*, 2015 WL 5603507, at *13 n. 6 (N.D.N.Y. Sept. 23,

2015); *Cosby v. Russell*, 2012 WL 7678160, at *4 n. 4 (N.D.N.Y. Nov. 20, 2012), *report

and recommendation adopted*, 2013 WL 936588 (N.D.N.Y. Mar. 11, 2013).  Compliance

with this rule cannot be treated as a mere formality, readily excused.

> One of the purposes of the requirement that motions to amend be accompanied
> by a copy of the proposed amended complaint is to ensure that [all] of the
> allegations asserted against the defendant(s) named therein are contained in a
> single document, thereby reducing the likelihood that a party will overlook
> one or more allegations against him. Moreover, this requirement eliminates
> the confusing nature of 'piecemeal' amended complaints.

PLAINTIFF'S EXHIBIT NO. EX 011
CASE NO.: 23-496
IDENTIFICATION: PAGE 11
ADMITTED:

*Chapdelaine v. Keller*, 1999 WL 34998130, at *1 (N.D.N.Y. Sept. 28, 1999), *aff'd and adopted*, 2000 WL 35764440 (N.D.N.Y. July 25, 2000). As Defendants point out, absent specific pleading against the individuals Plaintiff seeks to add to the case it is difficult to assess the potential merits of such claims. Far from merely joining new parties, Plaintiff's Motion clearly seeks to add new causes of action, but fails to specifically articulate those claims. As a result, granting this Motion would require the filing of a new operative pleading. FED. R. CIV. P. 8. Since Plaintiff seeks to reintroduce parties that have been twice dismissed and fails to articulate the basis for his new claims, the likelihood that a new pleading will result in additional motion practice is high and a further basis for denying this attempt at piecemeal litigation.

This is sufficient ground for denial of the Motion, but the Court notes several additional grounds for denying this Motion.

### 2. *Previously Dismissed Parties*

Plaintiff seeks to join the WCB and NYSIF both of which were previously dismissed. Plaintiff's attempt to join these parties must be denied. "Those efforts are barred by the law-of-the-case doctrine, which 'commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise.'" *Vaughn v. Phoenix House New York Inc.*, 957 F.3d 141, 146-47 (2d Cir. 2020) (quoting *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009)).[1] A compelling reason may arise from "an

---

[1] The fact that Judge Sannes issued the decision dismissing these parties prior to the matter being transferred to me for further proceedings does not impact the law of the case analysis. "The law of the case doctrine encompasses

5

PLAINTIFF'S EXHIBIT NO. EX012

CASE NO.: 23 - 496

IDENTIFICATION: PAGE 12

ADMITTED:

intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Johnson v. Holder*, 564 F.3d 95, 99-100 (internal quotation omitted). Nothing of the sort is presented here. Dismissal of these parties was based on the established law of sovereign immunity, *see* Dkt. Nos. 23 & 67, and Plaintiff makes no argument in the present Motion for departing from these well-reasoned prior decisions.

### 3. Substitution of John Doe Defendants

The caption of the Amended Complaint identifies three John Doe Defendants as J.J.Doe1, J.J.Doe2, and J.J.Doe3, members of the Board's Penalty Review Unit. No actual factual allegations are made with respect to these individuals in the Amended Complaint itself, however. *See generally* Am. Compl. Plaintiff now seeks to substitute Danielle Woodley (Crowley) as J.J.Doe1 and Nancy Goard as J.J.Doe 2. Dkt. No. 82 at pp. 7-8. As to each, Plaintiff offers only a short statement of the basis of their knowledge of relevant events taken almost verbatim from Defendants' Supplemental Initial Disclosures. *Id.* at pp. 7-8 & 22-23. Plaintiff's Motion does not indicate how the actions identified were unlawful or somehow violated his rights. He does not identify what cause(s) of action he seeks to pursue against these individuals. As noted above, no factual or legal allegations are contained in the body of the Amended Complaint and thus this is

---

situations in which one judge has rendered an order or judgment and the case is then transferred to another judge." *Estate of Jackson by Jackson v. Cty. of Suffolk*, 2019 WL 3253063, at *9 (E.D.N.Y. July 19, 2019) (internal alterations omitted).

*Handwritten margin notes:*
*NEW PLAINTIFF CLAIM BELONGS WHOLLY "AMEND COMPLAINT*

*DENIED PLAINTIFF DUE PROCESS HEARING*

PLAINTIFF'S EXHIBIT NO. EX013

CASE NO.: 23-496

IDENTIFICATION: PAGE 13

ADMITTED:

not a situation where these individuals can simply be submitted for John Doe defendants against whom specific allegations have been made. In fact, while the caption of the Amended Complaint identifies these John Doe Defendants as members of a the "penalty review unit," neither the present Motion nor Defendants' disclosure identifies either individual Plaintiff seeks to add as a member of such a unit. For these reasons, permitting joinder of these individuals is inappropriate here.

Moreover, it appears clear that any claim Plaintiff might wish to pursue as to these individuals would be barred by the applicable statute of limitations. A three year statute of limitations applies to Plaintiff's remaining section 1983 claims. Dkt. No. 67 at p. 18 (noting Plaintiff's claims are governed by three year statute of limitations); *see also Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995). The only claim referenced with respect to these individuals in the Motion concerns an October 2016 letter from the Board. Dkt. No. 82 at pp. 7-8 & 17. Adding a claim regarding this letter as to these individuals, therefore, is clearly outside the three year statute of limitations unless the claim related back to the date Plaintiff filed this action.

"In general, a plaintiff may proceed against a 'John Doe' placeholder defendant, so long as he replaces the John Doe with a named party within the applicable statute of limitations period." *Watson v. City of Kingston*, 2016 WL 11605147, at *4 (N.D.N.Y. Dec. 27, 2016) (citing *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468 (2d Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1996)).

*NY tort law → 3 years*
*DISCOVERED THREAT April 2020*

PLAINTIFF'S EXHIBIT NO. _Ex 014_
CASE NO.: _23-496_
IDENTIFICATION: _Page 14_
ADMITTED:

Rule 15(c)(1)(C) provides the federal standard for relation back. For an amended complaint adding a new party to relate back under Rule 15(c)(1)(C), the following conditions must be met:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

*Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d at 468-69).

Under this standard, the claims proposed against new defendants do not relate back to the filing of the original Complaint and are untimely. The Second Circuit has made clear "that an amendment to replace a John Doe defendant is made 'not to correct a mistake but to correct a lack of knowledge' and is therefore not a mistake under Rule 15(c)(1)(C)." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Barrow v. Wethersfield Police Dep't*, 66 F.3d at 470); *see also Hogan v. Fischer*, 738 F.3d at 517 (relation back under FED. R. CIV. P. 15(c) is not appropriate "where the newly added defendants were not named originally because the plaintiff did not know their identities.").

"Rule 15(c)(1)(A) permits an amended pleading to relate back when the law that provides the applicable statute of limitations allows relation back." *Hogan v. Fischer*, 738 F.3d at 518. In this context the Court must also look to New York CPLR section

PLAINTIFF'S EXHIBIT NO.   EX 015

CASE NO.:   23 - 496

IDENTIFICATION:   Page 15

ADMITTED:

1024. *Gutek v. Borchardt*, 2020 WL 2336187, at *5 (N.D.N.Y. May 11, 2020). That section provides:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designative so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

"To satisfy [section] 1024, a party must: (1) exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name; and (2) describe the John Doe party in such form as will fairly apprise the party that [he] is the intended defendant." *Gutek v. Borchardt*, 2020 WL 2336187, at *5 (internal quotations and citations omitted). Even viewing the facts in light of Plaintiff's *pro se* status, he cannot satisfy these requirements. Plaintiff offers nothing to suggest he exercised due diligence to identify the names of these defendants and, in fact, his only apparent basis of knowledge is initial disclosure of the names by Defendants.

### 4. Plaintiff's Remaining Claims

Plaintiff also seeks to add a conspiracy claim against two individuals not presently parties to this action, Raga and Dorsett. Dkt. No. 82 at pp. 2-5. While the nature of the claim is not entirely clear from Plaintiff's Motion it does appear that Plaintiff alleges the conspiracy involved conduct in 2016. *See id.* at p. 4. There is not currently a conspiracy claim this case and so Plaintiff seeks not just to add new parties, but a new claim. Similarly, Plaintiff seeks to add Joseph Slater, an attorney for the WCB, as a Defendant to this action. Dkt. No. 82 at p. 8. Though Plaintiff's Motion does not identify the precise

PLAINTIFF'S EXHIBIT NO.   EX 016

CASE NO.:   23 - 496

IDENTIFICATION:   PAGE 16

ADMITTED:

legal theory on which Plaintiff seeks to pursue this claim, it does make clear that it relates to Slater's submission of a sworn affidavit regarding a previously litigated motion in this case. *Id.*

This case has been extensively litigated and is drawing to the end of discovery. Adding three new defendants and several new claims will clearly necessitate additional discovery. Permitting such new discovery inevitably will further delay the ultimate resolution of this case, and there has not been a showing of good cause to permit adding these claims at this time. Here, the Court in the exercise of its discretion finds it appropriate to deny leave to amend when discovery is about to close and new claims would require new discovery. *Funches v. Russo*, 2019 WL 5191497, at *2; *CA, Inc. v. AppDynamics, Inc.*, 2014 WL 2805115, at *4 (E.D.N.Y. June 20, 2014).

Denial of the Motion with respect to Slater is further supported because "[c]ourts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case." *Girard v. Hickey*, 2016 WL 915253, at *5 (N.D.N.Y. Mar. 4, 2016) (quoting *Amusement Indus., Inc. v. Stern*, 2014 WL 4460393, at *13 (S.D.N.Y. Sept. 11, 2014)). "These courts have recognized that the addition of such collateral claims in amended pleadings can easily delay resolution of the case due to the need to engage in substantial additional discovery regarding the new factual contentions." *Amusement Indus., Inc. v. Stern*, 2014 WL 4460393, at *13. The claims at issue in this lawsuit relate to events in 2016. Any claim regarding Slater's role in

PLAINTIFF'S EXHIBIT NO. ___EX 017___

CASE NO.: ___23-496___

IDENTIFICATION: ___PAGE 17___

ADMITTED: _____

providing evidence about those events in 2019 is unrelated to the merits of the underlying

claims against the named Defendants and is clearly the sort of collateral claim involving

factual and legal allegations wholly distinct from the claims presently before the Court so

as to make joinder inappropriate. *Id.*; *see also* FED. R. CIV. P. 20.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion for Joinder of Parties (Dkt. No. 82) is

**DENIED**; and it is further

**ORDERED**, that the motions for extension of pretrial deadlines (Dkt. Nos. 92 and

93) are **GRANTED IN PART** to the extent that the deadline for completion of discovery

is reset to January 15, 2021 solely for the purpose of completing any outstanding

depositions and the deadline for filing dispositive motions is set for March 15, 2021; and

it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order

upon the parties to this action.

Date: November 30, 2020
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

11

PLAINTIFF'S EXHIBIT NO. __EX 018__

CASE NO.: __23-496__

IDENTIFICATION: __PAGE 18__

ADMITTED: _____

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------  )
ROBERT CRAIG CASSIDY, d/b/a/                    )
MOUNTAIN TIME AUCTIONS, ANTIQUES, )
and MATTRESSES                                              )
                                                                            )          **CIVIL CASE NO.:**
      **PLAINTIFF**                          )          **8:18-cv-**
                                                                            )          **00394 (BKS/DJS)**
                                                                            )
                                                                            )
      **vs.**                                    )          **APPLICATION**
                                                                            )          **FOR   JOINDER**
                                                                            )          **OF  PARTIES**
                                                                            )
NEW YORK STATE INSURANCE FUND;        )
TITIAN DION PERSONALLY AND AS AN       )
 EMPLOYEE OF NEW YORK STATE             )
 INSURANCE FUND; NANCY GOARD,WCB)
 PERSONALLY;  DANIELLE WOODLEY      )
(CROWLEY) WCB PERSONALLY;             )
JOSEPH SLATER, SENIOR ATTORNEY,    )
WCB, PERSONALLY;                              )          **42 U.S.C. 1983**
KELSEY RAGA, NYSIF, PERSONALLY      )          **and**
CLARISSA M. RODRIGUEZ, CHAIR,         )          **8th & 14th**
NEW YORK WORKER'S COMPENSATION )          **AMENDMENTS**
BOARD;  NEW YORK WORKER'S            )          **TO THE**
COMPENSATION BOARD ;DARLENE        )
DORSETT, PERSONALLY.                      )
                                                                            )          **CONSTITUTION**
                                                                            )          **OF THE**
                                                                            )          **UNITED STATES**
                                                                            )
--------------------- DEFENDANTS------------------)-

PLAINTIFF'S EXHIBIT NO. _EX019_

CASE NO.: _23-496_

IDENTIFICATION: _PAGE 19_

ADMITTED: _____

**AGREEABLE** to the Court's Uniform Pretrial Scheduling Order dated April 3, 2020

Paragraph (4) **JOINDER OF PARTIES** Plaintiff submits the following additional

Defendants to this action and gives his reasons for each request:

1. **KELSEY RAGA,** believed to be an employee of the New York State Insurance Fund

(hereinafter NYSIF) conspired with Darlene Dorsett of the E. Stockton Martin Agency,

Inc., to defraud Plaintiff by cancelling NYSIF Policy A 1351 815 4 which Plaintiff had

been paying premiums upon and had been attempting to have assigned to him.

2. Plaintiff on April 7 2020 received from the Attorney General of New York State a

large Group of "Defendant's Disclosures" (hereinafter "DD"). DD-0113 is a document

created by "Raga Kelsey" on 5/24/2016. At 14:14:44 Raga wrote

> "Received Accord Cancellation form no reason given and no signature,
> called and spoke with Darlene (Dorsett) at rep advised need signature and
> reason. Darlene advised assured moved to Colorado and sold business,
> **advised she can sign and need reason as business sold** (emphasis mine)
> SHe (sic) will email updated form to me."(Plaintiff-001)

3. The "Accord Cancellation form" Raga received is exhibit Plaintiff-002(DD0095).

Plaintiff asks the Court to note creation date of "5/16/2016" at upper right. In the block

on the form marked "CANCELLED POLICY INFORMATION" the cancellation date is

"05/16/16" and the effective date is "04/10/2016" that being the date of the policy

Plaintiff was attempting to have transferred to his Federal Tax number and upon which

Plaintiff was making premium payments.

4. Plaintiff exhibit Plaintiff-003(DD0075) is the revised Cancellation Request prepared

by Darlene Dorsett of the Stockton-Martin Insurance Agency with the aid of Kelsey Raga.

Note the creation date at upper right, "5/25/2016." Under "CANCELLED POLICY

INFOR MATION" note the change in "Cancellation date" from 05/16/16 to

PLAINTIFF'S EXHIBIT NO.   Ex 020

CASE NO.:   23 - 496

IDENTIFICATION:   PAGE 20

"08/28/2015." For approximately seven months from September 2015 Plaintiff had been trying to induce NYSIF to change Federal Tax number on policy A 1351 815 4 to Plaintiff's Number and now NYSIF through Raga was guiding Dorsett to cancel the policy out from under Plaintiff.

5. On March 2 2020 none other than Plaintiff's nemesis "Titian Dion" prints out Kelsey Raga's 6/03/2016 memo to herself ""Received proper cancellation request signed by rep for OB Policy cancelled."(Plaintff-004 DD0114).

5. A "proper cancellation request" was signed by an insurance broker to damage Plaintiff. Plaintiff could not get Mr. Dion to accept Assignment of Interest forms signed by the previous owner's general manager, previous owner's wife, and that same broker. To induce a $12,000.00 penalty on Plaintiff from WCB, NYSIF suddenly could accept a broker's signature.

6. Workers' Compensation Board lost no time in assaulting Plaintiff.

Plaintiff's exhibit Plaintiff-004 (DD0008) shows the first penalty of $12,000 was issued on June 2 2016. Part of the penalty assessment reads "The Board has no record of coverage for the period 09/30/2015 to the present."

7. More importantly, page two of the penalty form reads on numbered paragraph 6

"6.) Unless the need for coverage is disputed, a valid workers' compensation policy must be obtained before the Board will consider any reduction of this penalty. If you need a policy, you should immediately request a review and submit the policy when you obtain It." (Plaintiff-005 DD0009).

8. The words of paragraph 6 above are meaningless. Plaintiff filed a timely appeal on July 1 2016 ((Plaintiff-006 DD0010) which was firmly rejected on October 7 2016 Because "…the Board is unable to consider your request for re-determination for the

| PLAINTIFF'S EXHIBIT NO. | EX 021 |
|---|---|
| CASE NO.: | 23-496 |
| IDENTIFICATION: | PAGE 21 |
| ADMITTED: | |

following reason:

> The employer is not in compliance with the requirements for coverage under the Workers Compensation Law for the above period. **No proof of coverage has been received from your insurance company"** (Plaintiff-007 DD0014) .

The hypocrisy of "…you should immediately request a review and submit the policy

when you obtain it." is stomach churning to this Plaintiff.

9. Raga wrote what Plaintiff refers to as a CYA e-mail on August 4 2016 which reads

in the pertinent parts:

> NYSIF received no correctly completed and signed Assignment of Interest forms for this policy and no assignment of interest can be processed on the policy since it was cancelled on 6/23/16.

> It cannot be reinstated and we cannot process an Assignment of Interest. Mr. Cassidy will need to apply for a Workers' Compensation quote to obtain a Workers' Compensation policy. (Plaintiff-018 DD0085)

10. Raga and Dorsett were not quite finished with their conspiracy. Way back on

February 11 2016 Darlene Dorsett had written Plaintiff "As a courtesy I have tried to

help you resolve this issue Now I am leaving it in your hands as Mr. Harker no longer

carries Insurance with my agency." (fifth paragraph in letter) (Plaintiff-008 DD0113)

11. Ms. Dorsett did not, in fact, "leave it in my hands." On August 4 2016 Darlene wrote

a letter to Kelsey Raga which reads in part:

> "Mr. Cassidy indicates that he received a notice that he is facing a $12,000 fine. I do know that he has been paying workers comp but not under his name or his business name and maybe he can receive credit for these payments.

> "… In the meantime Mr. Harker should have received a credit of $1749.69 but due to the automatic renewal of the policy he did not receive this Mr. Cassidy did. Mr. Harker would of course like the return of the credit."

It had been more than a year since Mr. Harker had paid workers' comp insurance and for

| PLAINTIFF'S EXHIBIT NO. | EX 022 |
| CASE NO.: | 23-496 |
| IDENTIFICATION: | PAGE 22 |
| ADMITTED: | |

Ms. Dorsett to suggest giving Harker $1749.69 was to take that from Plaintiff who had

dutifully been paying premiums! Dorsett had previously told Plaintiff that Harker no

longer carried insurance with her agency and had told Plaintiff "I am leaving it in your

hands."

Yet here she is once again entering the fray with false information, "…due to the

automatic renewal of the policy he did not receive this (1749.69) Mr. Cassidy did."

Plaintiff would challenge Ms. Dorsett to present evidence "Cassidy did" receive this.

12. Neither Kelsey Raga, Darlene Dorsett, NYSIF, or WCB EVER GAVE NOTICE TO

PLAINTIFF THAT THIS CONSPIRACY TO CANCEL POLICY A 1351 815 4 WAS

SECRETLY ONGOING AND ACTUALLY SUCEEDED ON OR ABOUT

June 23 2016.

13. Plaintiff received the documents outlining this conspiracy on April 11, 2020. Note

Plaintiff's hand-written receipt date and the Attorney General of New York State's

Pitney Bowes postmark of April 9 2020. (Exhibit Plaintif-f011)

14. Plaintiff believes that the federal statute of limitations begins on April 11 2020 given

the deliberate attempt by NYSIF to keep the cancelling of the policy from Plaintiff.

15. Plaintiff believes Darlene Dorsett should be added to this case and requests the Court

to do so. New York statutes of limitation have run out on Darlene's actions. Plaintiff

believes that one conspirator in a conspiracy shares guilt with all members of that

conspiracy. Neither Dorsett nor Raga so much as spent one first class

postage stamp to tell Plaintiff what they were doing, and the absence of the insurance

policy that Plaintiff believed was still in force allowed WCB to relentlessly penalize

PLAINTIFF'S EXHIBIT NO. _Ex o23_

CASE NO.: _23 - 496_

IDENTIFICATION: _Page 23_

ADMITTED:

Plaintiff for not having a workers' compensation policy.

16. The Third Circuit has published "Instructions for Civil Rights Claims Under Section 1983 (2014). Section 4.4 "Action Under Color of State Law "reads in part at page 10 line 12:

> "In the typical case raising a state action issue, a private party has taken the decisive step that caused harm to the Plaintiff, and the question is whether the State was sufficiently involved to treat the decisive conduct as State action.... Thus, in the usual case we ask whether the State provided a mantle of authority that enhanced the power of the harm-causing individual actor" National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 192 (1988)

Circumstances that can underpin a finding of state action include the following:

A finding that "the State created the legal framework governing the conduct Tarkanian , 488 U.S. at 192(Pg 10 L23)

A finding that the government "knowingly accepted the benefits derived from unconstitutional behavior Tarkanian 488U.S. at 192 (Pg 11 L2)

A finding that "the private party has acted with the help or in concert with state officials" McKeesport Hosp v. Accreditation for Graduate Med. Educ. 24 F.3d at 524 (3rd Cir 1994) (P11 L5)

A finding that "the state provided 'significant encouragement, either overt or covert' " Benn v. Universal Health System, Inc., 371 F.3d 165,171 (3rd Cir. 2004) (P11 L 11-12)

17. 8:18-cv-00394 was filed some 809 days ago and not once has Plaintiff seen the name "Kelsey Raga" nor has anyone shared Darlene Dorsett's actions with Ms. Raga to this Plaintiff. Clearly, NYSIF has no reliable system of notification and thus deprives Plaintiff of his Constitutional right to due process. The Attorney General has argued some "post deprivation" relief is available, but at no time does NYSIF inform a hapless Plaintiff of that availability. Plaintiff asks the Court to add NYSIF as a defendant in this action for prospective relief. Clearly the lack of procedural protection at NYSIF fails constitutional muster.

PLAINTIFF'S EXHIBIT NO. EX 024
CASE NO.: 23- 496
IDENTIFICATION: PAGE 24
ADMITTED:

18.  The Court in its opinion of 01/23/2020 cited Leonid LAUTMAN, Plaintiff, v.

The VILLAGE OF SAUGERTIES, NEW YORK, et al. to illustrate the requirements

for a successful 42 USC 1983 claim.

First, "Section 1983 imposes liability for conduct which 'subjects, or causes to be
    subjected, the complainant to a deprivation of a right secured by the Constitution
    and laws." Rizzo v. Goode, 423 U.S. 362 370-71 (1976) Not only must the
    conduct deprive the plaintiff of rights and privileges secured by the Constitution,
    but the actions or omissions attributable to each defendant must be the proximate
    cause of the injuries and consequent damages that plaintiff sustained. Brown v.
    Coughlin, 758 F. Supp 876, 881 (S.D. N.Y. 1991)"

19  Raga aided Dorsett by constructing an "Accord CANCELLATION REQUEST"

which successfully cancelled Plaintiff's policy and prevented that policy from being

re-instated,  all this done in secret from Plaintiff.

20.  Next, "To prove a 1983 conspiracy, a plaintiff must show (1) an agreement between
    two or more state actors or between a state actor and a private entity (Raga &
    Dorsett); to act in concert to inflict an unconstitutional injury(cancel without
    notice or hearing policy A 1351 815 4); and (3) an overt act done in furtherance of
    that goal causing damages (submit and act upon Accord Cancellation Request
    dated 5/25/2016) (enabling WCB to assess $12,000 penalty on
    Plaintiff 6-2-2016)." Benitez v Ham  No. 9:04-cv-1159, 2009 WL 3486379
    *18 (N.D.N.Y. Oct 21, 2009)

Actions of Raga and Dorsett also caused Plaintiff to lose all premium money he had

paid to NYSIF from August 2015 to June 2016.

21. Moving on, in the Court's opinion dated 01/23/2020 the last sentence on page 33
authorizes "Accordingly, this claim may proceed against Defendant Rodriguez in her
    official capacity and **three Doe WCB  panel members, in their individual
    capacities(emphasis mine).**

22. PLAINTIFF names as J.J.DOE1 Danielle Woodley (Crowley) in her individual

capacity identified by the  Attorney General as one (exhibit Plaintiff-012)  who

"...entered 'POC' into the WCB's IC-2 electronic system.  It is believed that the entry of

POC in the IC-2 system would have resulted in the generation of a denial letter..."

PLAINTIFF'S EXHIBIT NO.   *E X 025*

CASE NO.:   *23-496*

IDENTIFICATION:   *PAGE 25*

ADMITTED:

Plaintiff, naively believing in the fairness of the WCB review process, finds his appeal

reduced to "POC" and automatically denied.

23.  Plaintiff names as J.J.DOE2 Nancy Goard identified by the Attorney General as a

WCB employee  (exhibit Plaintiff-013) who "…created the final October 7, 2016

"POC" denial letter using an existing template and indicated the FEIN issue in a free form

section of the letter …."

Goard entered into the "free form" section someone other than this Plaintiff's Federal

employer identification number and ordered him to use it..

23.  Plaintiff seeks to add WCB Senior Attorney Joseph Slater in his individual

capacity for the filing of a false "Affirmation" on 28 June 2019.  Slater had not filed a

notice of appearance in this action and was appearing as a

paid witness, perhaps an "expert witness" given his title of "Senior Attorney."

24.  Slater "… affirms under penalties of perjury the following:
>     1. "… In my role as a Senior Attorney at the WCB, I have personal knowledge as
>     to the facts and circumstances in this case."
>     9.  "The judgment was filed approximately four (4) months later on March 30,
>     2018."
>     10.  Between the issuance of the Final Notice in November 2017, and the filing of
>     the judgment in late March, WCB has no record that the Plaintiff submitted any
>     additional materials."

25.  Despite Slater's affirming under penalties of perjury that "…judgment was filed

approximately four (4) months later on March 30, 2018" judgment was NOT

filed and Slater had been used as a "hired gun" to enable the Attorney General to plead

the Rooker-Feldman Doctrine to end this action to the detriment of Plaintiff.

Four 180 mile round trips to Elizabethtown New York from Rutland Vermont had

PLAINTIFF'S EXHIBIT NO.  E X o26

CASE NO.:  23 -496

IDENTIFICATION:  PAGE  26

ADMITTED:

allowed Plaintiff to discover that Slater had borne false witness regarding the un-filed judgment.

26. Finally, Plaintiff's exhibit 017 is a letter from WCB to Plaintiff dated July 31 2017 advising Plaintiff at top of paragraph three:

> "According to New York State Workers' Compensation Law Section 23, no further appeal of this determination can be made to the Workers' Compensation Board."

The Attorney General has on several occasions touted the post deprivation avenues open to penalty victims of the WCB. Plaintiff is able to read and write but cannot find on this document instructions on how and to whom any appeal should be taken.

Plaintiff strongly believes any citizen reading this document would feel, as Plaintiff did at the time, that appeals were over. Plaintiff argues that an entity wrapped in the penalty power of the WCB must be ordered to advise each and every citizen the WCB levies upon appeal avenues still remaining. Ordinary citizens are NOT lawyers running around with New York State statute books in their lunch pails ! Not to order WCB to inform victims is to deny due process which the WCB did at will to this Plaintiff.

The letter gratuitously tells Plaintiff :

> "The time period for making of an appeal of a penalty for failure to provide required workers' compensation coverage has expired. Appeals must be forwarded to the Board within thirty (30) days of the initial Notice of Penalty."

If the Court will look at Plaintiff's Exhibit-006 it will find Plaintiff did indeed file an appeal which was unceremoniously ignored by the WCB.

Plaintiff moves the Court to add WCB to the list of defendants in this action.

Public light needs to be shined upon their practices

PLAINTIFF'S EXHIBIT NO. EX 027

CASE NO.: 23-496

IDENTIFICATION: PAGE 27

ADMITTED:

27. As a pro-se, Plaintiff is unsure what to do next. Plaintiff therefore will not serve the

additional Defendants until the Court adds or denies or until July 6 2020.

Plaintiff presumes the Attorney General will file another motion to dismiss and we will

deal with that as it comes.

Done at the City of Rutland, County of Rutland, State of Vermont this

19th day of June 2020.

_____

Robert Craig Cassidy

A copy of these papers has been sent by First Class U.S. mail postage pre-paid to:

Attorney General of the State of New York
ATTN: Brian W. Matula, Esq. of Counsel
The Capitol
Albany, New York 12224-0341

PLAINTIFF'S EXHIBIT NO.   EX o28
CASE NO.:   23-496
IDENTIFICATION:   PAGE 28
ADMITTED:

# PHS MEMO

Monday, March 2, 2020 11:26:31 AM

Memo Index Keys:

| | |
|---|---|
| EFILE ID | 48819391 |
| WC Policy Number | 13518154 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Memo Id | 4097442 | Type | Generic Memo | Key Set | 🔒 (...) | Status | Active |
| Create Date | 05/24/2016 14:14:44 | | | Location | 🖥 Server | Exp. Date | |
| Created By | Raga Kelsey | | | Priority | 🔺 Normal | Recycled Dt | |
| Department | Not Assigned | | | Permission | Public | Recycled By | |
| System | EFILE | | | Attributes | View Only | | |
| Subj. Type | Cancellation/Reinstatement | | | | | | |
| Subject | OB | | | | | | |
| Memo Text | Total Entries: 1 | | | | | | |

📄 Created by raga kelsey on 05/24/2016 14:14:44  (Not Assigned)

Received Accord Cancellation form no reason given and no signature. Called and spoke with Darlene at rep advised need signature and reason. Darlene advised assured moved to Colorado and sold business, advised she can sign and need reason as business sold. SHe will email updated form to me.

```
PLAINTIFF'S EXHIBIT NO. PLAINTIFF 001
CASE NO.:              23-496
IDENTIFICATION:        PAGE 29
ADMITTED:
```

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. 18-CV-394

PLAINTIFF EXHIBIT NO.    Po 48

DATE ENTERED _____
          JOHN M. DOMURAD, CLERK

BY: _____
          DEPUTY CLERK
```

**Defendants' Disclosure   0113**

J11

# ACORD CANCELLATION REQUEST / POLICY RELEASE

DATE (MM/DD/YYYY)
5/16/2016 A

| PRODUCER | PHONE (A/C, No, Ext) (518) 585-6705 | COMPANY NAME AND ADDRESS | NAIC CODE |
|---|---|---|---|

E Stockton Martin Agency Inc.
84 Montcalm St., Ste One
Ticonderoga, NY 12883-0031

NYSIF

| CODE: | SUB CODE: | POLICY TYPE: workers compensation |
|---|---|---|

AGENCY CUSTOMER ID:

INSURED NAME AND ADDRESS

Richard D Harker DBA
M ountain Time Furniture
105 Montcalm St. # 18
Ticonderoga, NY 12883

**CANCELLED POLICY INFORMATION**

POLICY NUMBER A 1351 815 4

| EFFECTIVE DATE AND HOUR OF CANCELLATION | CANCELLATION DATE 05/16/16 | TIME 1201 | X AM / PM |
|---|---|---|---|
| POLICY TERM | EFFECTIVE DATE 04/10/2016 | EXPIRATION DATE 04/10/2017 | |

| CANCELLATION REQUEST (Policy attached) | POLICY RELEASE (Complete Statement Section Below) |
|---|---|

### POLICY RELEASE STATEMENT

*ASAP*

The undersigned agrees that:

The above referenced policy is lost, destroyed or being retained.

No claims of any type will be made against the Insurance Company, its agents or its representatives, under this policy for losses which occur after the date of cancellation shown above.

Any premium adjustment will be made in accordance with the terms and conditions of the policy.

*This policy should not have renewed*
*Requested on Behalf of Mr. Harker*

| WITNESS | DATE | SIGNATURE OF NAMED INSURED | DATE |
|---|---|---|---|
| WITNESS | DATE | SIGNATURE OF NAMED INSURED | DATE |
| LIENHOLDER | MORTGAGEE | LOSS PAYEE | AUTHORIZED SIGNATURE (Not applicable in NH per RSA 412:51) | TITLE | DATE |
| LIENHOLDER | MORTGAGEE | LOSS PAYEE | AUTHORIZED SIGNATURE (Not applicable in NH per RSA 412:51) | TITLE | DATE |

## FOR AGENCY / COMPANY USE

**REASON FOR CANCELLATION**

- [ ] NOT TAKEN
- [X] REQUESTED BY INSURED
- [ ] REWRITTEN (Complete below)
- [ ] OTHER (Identify)

COMPANY

POLICY NUMBER                    EFFECTIVE DATE

REMARKS (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

**METHOD OF CANCELLATION**

- [ ] FLAT
- [ ] PRO-RATE
- [ ] SHORT RATE

FULL TERM PREMIUM

PLAINTIFF'S EXHIBIT NO. PLAINTIFF 002
CASE NO.: 23-496
IDENTIFICATION: PAGE 30
ADMITTED:

New York Only: If you do not keep your auto insurance in force during the suspended. If your vehicle is still uninsured after 90 days, your driver's surrender your registration certificate and plates before your insurance expires. By law, coverage to the Department of Motor Vehicles.

| NAME AND ADDRESS | REQUEST / RELEASE DISTRIBUTION |
|---|---|
| | INSURED / LOSS PAYEE / MORTGAGEE / LIENHOLDER / COMPANY / FINANCE COMPANY |
| | PRODUCER'S SIGNATURE                    DATE 5/16/16 |

ACORD 35 (2010/07)

© 1988-2010 ACORD CORPORATION. All rights reserved.

The ACORD name and logo are registered marks of ACORD

Defendants' Disclosure - 0095

J12

Aug 04 16 11:49a     E Stockton Martin Agency                                      p.3

**ACORD** | **CANCELLATION REQUEST / POLICY RELEASE** | DATE (MM/DD/YYYY) 5/25/2016

| PRODUCER | PHONE (A/C, No, Ext) (518) 585-6705 | COMPANY NAME AND ADDRESS | NAIC CODE: |

E STOCKTON MARTIN AGENCY INC
84 Montcalm St., Ste One
Ticonderoga, NY 12883

NYSIF
1 Watervliet Ave. Ext.
Albany, NY 12206-1649

| CODE: | SUB CODE: |

AGENCY
CUSTOMER ID:

INSURED NAME AND ADDRESS

Richard D Harker DBA
Mountain Time Furniture
105 Montcalm St.
Ticonderoga, NY 12883

POLICY TYPE **workers compensation**

CANCELLED POLICY INFORMATION

POLICY NUMBER A 1351 815 4

| EFFECTIVE DATE AND HOUR OF CANCELLATION | 08/28/2015 | TIME 1201 | X AM / PM |
| POLICY TERM | EFFECTIVE DATE 04/10/2016 | EXPIRATION DATE 04/10/2017 |

| ☐ CANCELLATION REQUEST (Policy attached) | ☒ POLICY RELEASE (Complete Statement Section Below) |

**POLICY RELEASE STATEMENT**

The undersigned agrees that:

The above referenced policy is lost, destroyed or being retained.

No claims of any type will be made against the Insurance Company, its agents or its representatives,
under this policy for losses which occur after the date of cancellation shown above.

Any premium adjustment will be made in accordance with the terms and conditions of the policy.

*On Behalf of Insured*

*Richard D HARKER*   5/24/16

| WITNESS | DATE | SIGNATURE OF NAMED INSURED | DATE |

| WITNESS | DATE | SIGNATURE OF NAMED INSURED | DATE |

| LIENHOLDER | MORTGAGEE | LOSS PAYEE | AUTHORIZED SIGNATURE (Not applicable in NH per RSA 412:5) | TITLE | DATE |

| LIENHOLDER | MORTGAGEE | LOSS PAYEE |

PLAINTIFF'S EXHIBIT NO. *PLAINTIFF003*
CASE NO.: *23-496*
IDENTIFICATION: *Page 31*
ADMITTED:

FOR AGENCY / COMPANY USE

REASON FOR CANCELLATION

☐ NOT TAKEN   ☐ OTHER (identify)
☒ REQUESTED BY INSURED
☐ REWRITTEN (Complete below)
COMPANY

| POLICY NUMBER | EFFECTIVE DATE | PREMIUM CALCULATION SUBJECT TO AUDIT | RETURN PREMIUM $ |

REMARKS (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

**The business has been sold in it's entirety. FED # 3519233653**

New York Only: If you do not keep your auto insurance in force during the entire registration period, your motor vehicle registration will be
suspended. If your vehicle is still uninsured after 90 days, your driver's license will be suspended. To avoid these penalties, you must
surrender your registration certificate and plates before your insurance expires. By law, we must report the termination of auto insurance
coverage to the Department of Motor Vehicles.

NAME AND ADDRESS | REQUEST / RELEASE DISTRIBUTION

| ☐ INSURED | ☐ LOSS PAYEE |
| ☐ MORTGAGEE | ☐ LIENHOLDER |
| ☐ COMPANY | ☐ FINANCE COMPANY |

PRODUCER SIGNATURE  *E Stockton Martin*   DATE 5/24/16

© 1988-2010 ACORD CORPORATION. All rights reserved.

ACORD 35 (2010/07)

The ACORD name and logo are registered marks of ACORD

J13

STATE OF NEW YORK
WORKERS' COMPENSATION BOARD
BUREAU OF COMPLIANCE
328 STATE STREET
SCHENECTADY, NY 12305
(866) 298-7830

THIS AGENCY EMPLOYS AND SERVES
PEOPLE WITH DISABILITIES WITHOUT
DISCRIMINATION.

ROBERT C CASSIDY
DBA MOUNTAIN TIME AUCTIONS ANTIQUES &
MATTRESSES
105 MONTCALM ST
TICONDEROGA NY 12883-1354

| | |
|---|---|
| WCB EMPLOYER #: | 2905274 |
| UIER #: | 52-35277 |
| FEIN/SS #: | 475236656 |
| Penalty ID: | 2016W0013351 |
| Penalty Amount: | $12,000.00 |

NOTICE OF PENALTY PURSUANT TO SECTION 52(5) OF THE WORKERS' COMPENSATION LAW

DATE:    06/02/2016

Based on information available to the New York State Workers' Compensation Board regarding ROBERT C CASSIDY (employer), the Board has determined that:

*    Since 09/30/2015, the employer was required to provide workers' compensation insurance coverage for its employees.

*    The Board has no record of coverage for the period 09/30/2015 to the present.

Therefore, the Workers' Compensation Board has determined that the employer is in violation of Workers' Compensation Law Section 52(5) for the period 09/30/2015 to the present. A penalty has been assessed for each 10 day period of non-compliance.

**As of the date of this notice, the penalty against the employer (and, if incorporated, its President, Secretary, and Treasurer) totals $12,000.00.** The Board strongly recommends that you request a review of this penalty if you were not required to have a policy. You should also request a review, to possibly reduce the penalty amount, even if you were required to have a policy. Please follow the directions contained in this notice to request a review. This penalty will continue to increase for every 10 days of non-compliance.

You will receive a periodic statement from the Board that details your penalty status until you secure coverage and pay all penalties in full or demonstrate that the employer was not required to have coverage.

(Continued on reverse)

| PAYMENT INSTRUCTIONS |
|---|

In order to insure prompt credit of your payment, complete the information below
and return this portion with your payment to:
WORKERS' COMPENSATION BOARD
FINANCE OFFICE
328 STATE STREET
SCHENECTADY, NY  12305-2318

----------------------------------------------------------------------
**Please detach and return bottom portion with your payment.**

MAKE CHECKS PAYABLE TO "UNINSURED EMPLOYERS FUND".
PLEASE INCLUDE YOUR WCB EMPLOYER NUMBER ON YOUR CHECK.

| Employer | ROBERT C CASSIDY | | WCB Employer # | 2905274 |
|---|---|---|---|---|
| | | | Penalty ID | 2016W0013351 |
| | | | Check Amount | |

PLAINTIFF'S EXHIBIT NO. PLAINTIFF 004

CASE NO.:    23-496

IDENTIFICATION:    PAGE 32

ADMITTED:

Page 1 of 2
**Defendants' Disclosure - 0008**

J14

Details of the calculation of your penalty are available on line at www.wcb.ny.gov by selecting the box for **EMPLOYERS** and clicking **EMPLOYER PENALTY CALCULATION.** Enter your WC employer number **2905274** and penalty ID **2016W0013351** listed on this notice to view the details.

Failure to secure proper Workers' Compensation insurance and pay all accrued penalties may result in further collection activities by the Board and its collection agencies including the filing and execution of judgment. Any employer found in violation of the law or owing a fine or assessment to the Board may be issued a stop-work order, meaning the business must shut down all activity until the order is lifted.

In addition, any employer fined for a violation of the Workers' Compensation Law or issued a stop-work order is barred from bidding on or being awarded any public work contract or subcontract with the State, any municipal corporation or public body for a period of either one or five years.

**THE BOARD STRONGLY RECOMMENDS YOU REQUEST A REVIEW OF THIS PENALTY:**

**1.) Please use the attached form to request a review of the penalty.**

**2.) If you had a Workers' Compensation policy or were exempt because you were out of business or had no employees for part or all of the penalty period, you may request a rescission of all or part of the penalty based on those facts.**

**3.) Even if the penalty is valid, you may still be entitled to an "offer of reduction" on the penalty depending on the reasons for the absence of coverage.**

**4.) You should attach your most recent Workers' Compensation policy, even if it has expired, to your request for review. Include the page with the premium amount. This does not apply if you never had a policy or are exempt from obtaining a policy.**

**5.) Unless the need for coverage is disputed, a valid workers' compensation policy must be obtained before the Board will consider any reduction of this penalty. If you need a policy, you should immediately request a review and submit the policy when you obtain it.**

HOWEVER, IF THE PENALTY IS DETERMINED TO BE VALID, YOU MAY BE RESPONSIBLE FOR ALL PENALTIES ACCRUING DURING THE REVIEW.

If you have questions regarding this notice, please call (866) 298-7830.

PLAINTIFF'S EXHIBIT NO. _PLAINTIFF 005_
CASE NO.: _23-496_
IDENTIFICATION: _DEF 0009_
ADMITTED: _PAGE 33_

# MAKE CHECKS PAYABLE TO "UNINSURED EMPLOYERS FUND".

Mail payment along with this form to:

WORKERS' COMPENSATION BOARD
FINANCE OFFICE
328 STATE STREET
SCHENECTADY, NY 12305-2318

EC-510-CL 12/2013

**Defendants' Disclosure - 0009**

ROBERT CRAIG CASSIDY                    1 JULY 2016
MOUNTAIN TIME AUCTIONS, ANTIQUES, AND MATTRESSES
105 MONTCALM STREET
TICONDEROGA, NEW YORK 12883


STATE OF NEW YORK
WORKERS' COMPENSATION BOARD
BUREAU OF COMPLIANCE
328 STATE STREET
SCHENECTADY, NY 12305


REFERENCE: $12,000.00 PENALTY FOR ALLEGED
                NON-COMPLIANCE.


WE FORMALLY PROTEST AND APPEAL THE PENALTY
LEVIED WITHOUT EVIDENTIARY HEARING ON
THIS MATTER.


THIS BUSINESS HAS BEEN IN COMPLIANCE SINCE
APRIL 10, 2015, AS THE ATTACHED "EXHIBIT ONE"
SHOWS.


PREMIUMS HAVE BEEN PAID AND NO LESS THAN
THREE U-3 FORMS HAVE BEEN FILED
                        2015.

PLAINTIFF'S EXHIBIT NO. PLAINTIFF 006

CASE NO.: 23-496

IDENTIFICATION: PAGE 34

ADMITTED:

J16

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. 18-CV-394

PLAINTIFF EXHIBIT NO. P017

DATE ENTERED _____
        JOHN M. DOMURAD, CLERK

PLAINTIFF'S EXHIBIT NO. PLAINTIFF

CASE NO.: 23-496 018

IDENTIFICATION: PAGE 35

ADMITTED:

**Kelsey Raga**

| | |
|---|---|
| From: | Kelsey Raga |
| Sent: | Thursday, August 04, 2016 2:32 PM |
| To: | 'ddorsett94@gmail.com' |
| Subject: | Policy # 13518154. |
| Attachments: | payroll report final.pdf; payroll report 15-16.pdf |

Good Afternoon:

NYSIF received no correctly completed and signed assignment of interest forms for this policy and no assignment of interest can be processed on the policy since it was cancelled on 6/23/16.

The assignment of interest forms were sent by Titian Dion on 10/29/15.

The notes indicate that we received the forms on 12/24/15 but they did not have the correct signatures owner Richard Harker did not sign the form. Titian contacted your agency on 1/20/16 to advise how forms needed to be completed. On 2/10/16 NYSIF received the forms again this time it was only signed by Mr. Harker and all the other needed information was missing, Titian called again and returned the forms for correction.

On 2/12/16 Titian called the store phone # and spoke with Robert Cassidy , who states that he has been paying the comp bills. He explained that we can transfer the interest, we just need the transfer of interest forms filled out correctly and signed by both interested parties.

To date NYSIF has not received the correctly completed original assignment of interest forms.

On 5/24/16 NYSIF received an accord cancelation request with no reason given and no signature, I called and advised that a reason and the signature was needed, and that the rep can sign the request since your agency advised the assured had moved to Colorado and sold the business.

On 6/3/16 We received the signed cancellation request and placed the policy in cancelation for Out of business due to the business being sold.

The policy Cancelled on 6/23/16.

It cannot be reinstated and we cannot process an assignment of interest. Mr Cassidy will need to apply for a Workers' Compensation quote to obtain a Workers' Compensation policy.

There are two final payroll reports to be completed by Mr. Harker to finalize the policy.

Thank You
Kelsey Raga

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. 18-CV-394

PLAINTIFF EXHIBIT NO. P059

DATE ENTERED _____
JOHN M. DOMURAD, CLERK

BY: _____
DEPUTY CLERK

J.28

Defendants' Disclosure - 0085

6190109665
EXHIBIT 2

*E. Stockton Martin Agency Inc.*
*84 Montcalm St., Ste. One*
*Ticonderoga, NY 12883*
*518-585-6705  Fax: 518-585-6750*
*Ddorsett94@gmail.com*
*02/011/2016*

*Mountain Time Furniture*
*ATTN: Craig Cassidy*
*105 Montcalm St.*
*Ticonderoga, NY 12883*

*Dear Mr. Cassidy:*

*Once again I have enclosed paperwork which requires original signatures from you and Mr. Harker.*

*I spoke in length yesterday to Mr. Dion from the New York State Insurance Fund and he is adamant that he receive these signatures ASAP.*

*If he does not receive them soon both you and Mr. Harker are facing serious fines.*

*Please put your tax E.I.N. # on the form not Mr. Harker's.*

*As a courtesy I have tried to help you resolve this issue. Now I am leaving it in your hands as Mr. Harker no longer carries insurance with my agency.*

*Once again overnight to Mr. Harker with your signature and ID and then please ask Mr. Harker to sign and over-night to: New York State Insurance Fund – State Office Building Campus – Albany, NY 12240-0339.*

*Do not delay. Time is of the essence.*

*Sincerely,*

*Darlene Dorsett- Broker*

JI8

PLAINTIFF'S EXHIBIT NO. PLAINTIFF008

CASE NO.: 23 - 496

IDENTIFICATION: PAGE 36

ADMITTED:

BY:

DEPUTY CLERK

Defendants' Disclosure - 0022



v York
ney General
itol
224-0341

J 21

Received 12:30 PM
April 11 2020

Robert Craig Cassidy
43 Pleasant Street
Rutland, VT 05701

PRIORITY
MAIL
UNITED STATES POSTAL SER

UNITED STATES DISTRICT COURT

PLAINTIFF'S EXHIBIT NO. PLAINTIFF

CASE NO.: 23-496    FOI 1

IDENTIFICATION:  PAGE 37

ADMITTED:

7 2 1 4 0 0 7 7 3 8



STATE OF NEW YORK
WORKERS' COMPENSATION BOARD
BUREAU OF COMPLIANCE
328 STATE STREET
SCHENECTADY, NY 12305



ROBERT E. BELOTEN
CHAIR

ANDREW M. CUOMO
GOVERNOR

7/31/2017

WCB EMP# 2905274

Robert C Cassidy D/B/A Mountain Time Auctions & Mattresses

105 Montcalm Street

Ticonderoga , NY 12883-1354

Period of Non-compliance: 09/30/2015 to 04/11/2017

Dear Sir or Madam:

Your correspondence regarding the above cited penalty for failure of an employer to provide workers' compensation coverage as required by Workers' Compensation Law has been received for review by the Bureau of Compliance. The Board is unable to consider your request for penalty review for the following reason(s):

The time period for the making of an appeal of a penalty for failure to provide required workers' compensation coverage has expired. Appeals must be forwarded to the Board within thirty (30) days of the initial Notice of Penalty, as indicated on the Notice. The only appeal before the Board available to the employer at this point is to document a claim that the penalty was inapplicable because the employer had no employees or was out of business during the penalized period.

According to the New York State Workers' Compensation Law Section 23, no further appeal of this determination can be made to the Workers' Compensation Board. Payment payable to the Uninsured Employers Fund must be forwarded within thirty (30) days or the account will be referred for further collection actions, including possible filing of judgment with the Supreme Court which subjects the debtor(s) to seizure of property without further notice. You can also contact the collection agency below to make payment arrangements on the penalty.

Pioneer Credit Recovery
Phone: 844-476-0556

Please be advised that if you are subject to the Workers' Compensation Law and have not obtained workers' compensation coverage, penalties will be issued for all periods in which coverage was not in effect and penalties will continue to accrue until workers' compensation coverage is secured.

EMP# 2905274
PROCESSED 7/31/17 CB
REC'D DATE

Sincerely,
Insurance Compliance Unit
Phone: 866-298-7830
Fax: 518-486-7145
E-mail P525@wcb.ny.gov

CORRPC - WC

J27

Defendants' Disclosure - 0028

PLAINTIFF'S EXHIBIT NO. PLAINTIFF
CASE NO.: 23-496 017
IDENTIFICATION: PAGE 38

 **New York State Insurance Fund**

# ASSIGNMENT OF INTEREST AGREEMENT

**WC Policy: 1351815 - 4**

(1). It is understood and agreed that, effective 12:01 A.M. __19 August 2015__
*(DATE OF CHANGE OF INTEREST)*

subject to all the agreements, conditions and limitations as hereunder expressed, the above captioned policy is hereby

(2). assigned to __Robert Craig Cassidy D/B/A Mountain Time Auction, Antiques, Mattresses__, F.E.I.N. __47-5236656__
*(NAME OF NEW FIRM — ASSIGNEE)*

(3). whose business address is __105 Montcalm St. Ticonderoga NY 12883__
*(NUMBER)   (STREET)   (CITY OR TOWN)   (STATE)   (ZIP CODE)*

(4). The new form of ownership is indicated by an X:

[X] Individual   [ ] Copartnership   [ ] Corporation   [ ] Receiver   [ ] Trustee   [ ] Estate   [ ] Other

*For the purpose of serving notice, as provided in the Workers' Compensation Law, this insured employer agrees that  written notice sent to the above address shall constitute valid notice.*

It is understood and agreed that if the new insured employer is a corporation (other than a religious, charitable, educa-
... of any war of the United States)  premium will be charged  for
... ive, in accordance with the rules of the Manual of Workers'
... ly one or two executive officer(s) who also own(s) 100% of the
... ation may elect to delete coverage for such executive officer(s).
... his agreement,warrants that he (it or they) is (are) in lawful
... nment  of  the  interest  of  the  insured  therein  named  and  said
... duly issued thereunder and assume all obligations therein ex-
... including  liability  and  responsibility  for  the  payment  of  any
... efund which may become due on account of this policy up  to

PLAINTIFF'S EXHIBIT NO. EX 029
CASE NO.: 23-496
IDENTIFICATION: PAGE 29
ADMITTED:

Nothing herein contained shall be held to waive, alter, vary or extend any of the stipulations, agreements or limitations of this policy except as herein stated.

The State Insurance Fund shall not be bound by the assignment of interest agreement as herein set forth, unless it con-
sents thereto in writing, such consent to be evidenced by an endorsement which shall be attached to and form part of

**WC Policy: 1351815 - 4**      Issued to: __Richard D. Harker D/B/A Mountain Time Furniture__
*(NAME OF FIRM TRANSFERRING INTEREST)*

(5). OLD FIRM   SIGN HERE: __Barbara J Neston__   __General Manager__
*(A MEMBER OF OLD FIRM MUST SIGN PERSONALLY ) - TITLE*

(6a). NEW FIRM   PRINT HERE: __Robert Craig Cassidy D/B/A Mountain Time Auctions, Antiques and Mattresses__
*(PRINT NAME OF FIRM ACCEPTING INTEREST)*

(6b).   SIGN HERE: _____   __Proprietor__
*(A MEMBER OF THE NEW FIRM MUST SIGN PERSONALLY ) – TITLE*
List below the full names of all members of the new firm accepting interest.

```
CORPORATE
SEAL
OF ENTITY
TRANSFERRING
INTEREST
```

*29*

```
CORPORATE
SEAL OF
ENTITY
ACCEPTING
INTEREST
```

**NYSIF**    *New York State Insurance Fund*

## INFORMATION REGARDING THE ENTITY FOR WHICH YOU HAVE REQUESTED COVERAGE

Policy Number: 1351815 - 4

Entity Name: MOUNTAIN TIME AUCTIONS, ANTIQUES AND MATTRESSES

(7). Nature of Business of this Entity

RETAIL SALE OF MATTRESSES AND HOUSEHOLD AUCTION HOUSE

(8). Location of this Entity   105 MONTCALM ST., TICONDEROGA, N.Y. 12883

(9). Number of Employees   2   (10). Annual Payroll   9,000.00

(11). Name of Executive Officer/Partner or Member/Sole Proprietor Duties

| Name | Duties |
|---|---|
| ROBERT CRAIG CASSIDY | |
| **Home Address** | **Salary $** |
| 43 PLEASANT ST. RUTLAND, VT 05701 | |
| **Name of Executive Officer/Partner or Member** | **Duties** |
| | |
| **Home Address** | **Salary $** |
| | |
| | **Duties** |
| | |
| | **Salary $** |
| | |
| | **Duties** |
| | |
| **Home Address** | **Salary $** |
| | |
| **Name of Executive Officer / Partner or Member** | **Duties** |
| | |
| **Home Address** | **Salary $** |
| | |

PLAINTIFF'S EXHIBIT NO.   EX-030

CASE NO.:   23-496

IDENTIFICATION:   PAGE 30

ADMITTED:

I hereby certify that the information given above is completed and accurate in every detail.

_Signature_    11-3-2015

Signature of Executive Officer/Partner or Member/Sole Proprietor    Date

( 30 )

**NYSIF**® **New York State Insurance Fund**

PLAINTIFF'S EXHIBIT NO. EX 031
CASE NO.: 23-496
IDENTIFICATION: PAGE 31
ADMITTED:

[0001-000013518154][#A]

RICHARD D HARKER DBA
MOUNTAIN TIME FURNITURE
105 MONTCALM STREET # 1B
TICONDEROGA NY 12883-1354

Date: 10/29/2015

WC Policy: 1351815 - 4

Re: ROBERT CRAIG CASSIDY DBA

Dear Sir/Madam:

We are advised that you are now operating under the name that is listed above. In order that you may be properly protected under the policy, it is essential that you fill out the enclosed **Transfer of Interest forms**. Please return one copy and retain the other for your own records.

For information we desire, please refer to the corresponding items numbered on the left hand margin of the enclosed forms.

1.  Give the exact date on which the business was transferred.

2.  Print the name of the new firm, **INCLUDING THE FEDERAL ID NUMBER.**

3.  Give business address of the new firm.

4.  Indicate appropriate form of ownership of new firm.

5.  One member of the old firm transferring the interest must sign.
    Give member's title. If a corporation, the seal of the old firm must be affixed at space provided.

6a. Print the name of the new firm.

6b. If new firm is an **INDIVIDUAL** - Owner must sign.
    If new firm is a form of **PARTNERSHIP** or **LIMITED LIABILITY COMPANY**, one member must sign.
    If new firm is a **CORPORATION** - An executive officer must sign. Give officer's title. **CORPORATE SEAL** must be affixed at the space provided. Executive officers must be covered pursuant to the mandatory provisions of the Workers' Compensation Law.

7.  Indicate the nature of business, product sold, and materials used.

8.  Indicate location of the entity.

9.  Indicate the total number of employees.

10. Indicate the anticipated annual payroll.

11. List the full names, addresses, duties, and salaries of all principals of the new firm accepting the interest.

**Upon receipt of this form properly completed**, we will issue an endorsement effecting the transfer of the policy, unless the conditions are such that the interest cannot be transferred.

Very truly yours,

Titian Dion

Phone (518) 437-6497

Fax: (518) 437-8910

Email: tdion@nysif.com

cc: E STOCKTON MARTIN AGENCY INC

Subj:     WORKERS COMPENSATION REPORTING
Date:     3/11/2016 11:26:30 A.M. Eastern Standard Time
From:     wfarnan@nysif.com
To:       VTCASSIDY@AOL.COM
CC:       kleffler@nysif.com, tcowles@nysif.com

Good morning,

Per our conversation, please use this link:
  https://www.nysif.com/efroi/reportaninjuryentry.aspx   to file the
*Employers' Report of Injury* for the incident involving WILLIAM C. NORTON's
accident of 10/28/2015.

The Loss ID# for this case is 68495290.  You will be asked to enter it when
you begin to file the report.
The policy number to use is 13518154

If you have any questions, please feel free to call me directly.

William J. Farnan
CuSRii
First Report of Injury - eFROI
Albany Business Office
New York State Insurance Fund
Telephone: (518)437-8050
Fax : (518) 437-8043

This e-mail transmission contains confidential information that is the property of the sender. If you are not the
intended recipient, you are notified that any retention, disclosure, reproduction or distribution of the contents of
this e-mail transmission, or the taking of any action in reliance thereon or pursuant thereto, is strictly prohibited.
No warranty is given by NYSIF that this e-mail is free of viruses, interception or interference. NYSIF disclaims
liability for any unauthorized opinion, representation, statement, offer or contract made by the sender on behalf of
NYSIF. Jurisdiction for all actions arising out of dealings with NYSIF shall lie only in a court of competent
jurisdiction of the State of New York.

PLAINTIFF'S EXHIBIT NO. __EX 032__

CASE NO.: __23-496__

IDENTIFICATION: __PAGE 32__

ADMITTED:



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer Direct: 518-776-2599

September 1, 2021

Robert Craig Cassidy
43 Pleasant Street
Rutland, Vermont 05701

Re:     *Cassidy v. Rodriguez*
        *Dkt. 8:18-cv-394 (DJS)*

Dear Mr. Cassidy:

Enclosed, please find a Table of Authorities that should have been included with Defendants' Motion for Summary Judgment. Please also find a copy of the five (5) cases cited by Defendants in the Memorandum of Law which were not traditionally published - consisting of 100 pages of copies.

Very truly yours,

s/*Brian W. Matula*

Brian W. Matula, Esq.
Bar Roll No. 511717

PLAINTIFF'S EXHIBIT NO. *EXO33*
CASE NO.: *23-496*
IDENTIFICATION: *PAGE 33*
ADMITTED:

**United States Court of Appeals for the Second Circuit**

CAPTION:

_CASSIDY_ v.

v.

_NEW YORK STATE_

_INSURANCE FUND, ET. AL._

**CERTIFICATE OF SERVICE**

Docket Number: _23-496_

I, _ROBERT CRAIG CASSIDY_, hereby certify under penalty of perjury that on

(name)

_JULY 18 2023_, I served a copy of _APPELLANT'S_

(date)

_BRIEF and APPENDIX_

(list all documents)

by (select all applicable)*

      X United States Mail

      ___ Federal Express

      ___ Overnight Mail

      ___ Facsimile

      ___ E-mail

      ___ Hand delivery

on the following parties (complete all information and add additional pages as necessary):

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| _ALEXANDRIA TWINEM, ESQ_ | | | | |

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| _NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL THE CAPITOL, ALBANY NEW YORK 12224_ | | | | |

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| | | | | |

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| _July 18 2023_ | | | | |

Today's Date                            Signature

*If different methods of service have been used on different parties, please indicate on a separate page, the type of service used for each respective party