# 23-496

RECEIVED
23 OCT 13 PH 3:03
U.S. CLERK'S OFFICE
COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

**ROBERT CRAIG CASSIDY,**

**PLAINTIFF-APPELLANT,**

v.

New York State Insurance Fund; New York State Workers' Compensation Board; Honorable Letitia James, Attorney General of the State of New York; Brian M. Matula, Assistant Attorney General; Joseph Slater, ESQ., Personally; Kelsey Lynn Raga, Personally; Freida Foster, Personally and as Member of the New York State Workers' Compensation Board; Ellen O. Paprocki, Personally and as Member of the New York State Workers' Compensation Board; Linda Hull, Personally, and as Member of the New York State Workers' Compensation Board; Frederick M. Ausili, Personally and as Member New York State Workers' Compensation Board; Loren Lobban, Personally and as Member New York Workers' Compensation Board; Steven A. Crain, Personally and as Member New York State Workers' Compensation Board; Mark R. Staasko, Personally and as Member New York State Workers' Compensation Board;

# 23-496

RECEIVED
23 OCT 13 PH 3:03
CLERK'S OFFICE
U.S. COURT OF APPEALS

------------------------------------------------------------------------

Samual G. Williams, Personally and as Member New York State Workers' Compensation Board; Mark Higgins, Personally and as Member New York State Workers' Compensation Board; Darlene Dorsett, Personally,

Defendants-Appellees.

On Appeal from the United States District Court for the Northern District of New York

## REPLY BRIEF FOR PLAINTIFF

**ROBERT CRAIG CASSIDY   PLAINTIFF-APPELLANT**

43 PLEASANT STREET

RUTLAND, VERMONT 05701

518 585-6795

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................. ii

PRELIMINARY STATEMENT................................................................................1

NEW YORK STATE'S ABUSE OF THE JUDGMENT SYSTEM.............................1-5

2nd CIRCUIT VIOLATED APPELLANT'S DUE PROCESS RIGHTS .....................6-7

PAINS AND PENALTIES INFLICTED .................................................................7-8

PLAIN ERROR INFLICTED UPON APPELLANT..................................................8-13

CERTIFICATE OF COMPLIANCE.........................................................................14

i

## TABLE OF AUTHORITIES

### CASES

1.  ROBERT CRAIG CASSIDY v. CLARISS M. RODRIGUEZ

    8:18-cv-00394 DJS 9/30.2021  Pages 2,3,4,7,9,10,12,

2.  UNITED STATES  ex rel BAHRANI v. CONAGRA, INC

    629 F .3d 1284, 1375    Page 11

3.  UNITED STATES v. OLAND, 507 US 725, 732 (1993)

    Page 8

4.  UNITED STATES v ROSS, 77 F. 3d 1525, 1539 (1996)

    Page 8

### LAW REVIEW

Ian S. Speir and Nina H. Mohebbi, "Preservation Rules in Federal Courts of Appeals, **16 J,** Appeals Practice & Process 281    Pages 284, 285

Brief pages 8 - 13

## PRELIMINARY STATEMENT

1. Pro-se Appellant offers his apologies to the gatekeepers of the Second Circuit. THE CLERK OF THE COURT HAS ADVISED ME THAT A REPLY BRIEF MAY NOT CARRY AN "APPENDIX" AND I HAVE REMOVED IT. ALSO, No gray sheets of card stock were available in Ticonderoga either singly or in packets of mixed card stock. Appellant therefore submits his Reply Brief with Kraft colored headers instead of the required gray sheets.

2. Appellant in his initial filing of this appeal asked the 2nd Circuit if it would be appropriate to include the docket from Northern District 8:18-cv-00394

(2nd Circuit 21-2657) as part of this appeal and his inquiry never received a reply. Appellant Pro-Se will therefore include portions of the previous actions as part of this Reply Brief so that those who may read this brief will have some idea of the factual background of this appeal.

### NEW YORK STATE'S ABUSE OF THE JUDGMENT SYSTEM

3. Appellant will begin at the rear of Appellee's brief. On page 26 Counsel for the Appellees falsely writes:

"Plaintiff's brief to this Court criticizes the attorneys in his prior suit for mistakenly representing that a judgment had been entered against him. Plaintiff has not alleged any cognizable claim arising from the attorney's error, nor could he do so. "

AAG Twinem should have written "New York State" before the word attorneys. See paragraph 21 of this Reply Brief for "cognizable claims."

4. IN JUNE 2019 THE ATTORNEY GENERAL OF THE STATE OF NEW YORK UPPED THE ANTE BY LIFTING THE ALLEGED NON-EXISTANT JUDGMENT TO A SWORN AFFIDAVIT ATTESTED TO BY A "SENIOR ATTORNEY" OF THE WCB. THE NEW YORK STATE ATTORNEY GENERAL ONCE AGAIN COULD NOT BE BOTHERED TO AFFIRM THE EXISTANCE OF THE JUDGMENT AND ONCE AGAIN THE APPELLANT WAS LEFT TO DEFEND HIMSELF AGAINST A NON-EXISTANT JUDGMENT.

5. AAG Twinem misses the point. Appellant criticizes the actions of the Attorney General and Workers' Compensation Board attorneys for their incredible carelessness in not verifying the presence or absence of a judgment for some FOURTEEN MONTHS, from March 30 2018 to July 2019 until Appellant called them out ! Appellant also means to harshly criticize the Workers' Compensation Board of the State of New York (hereinafter "WCB") for their incredible incompetence in allowing the judgment to fester unaccounted for in the WCB JUDGMENT BUREAU for those same fourteen months. ON PAGE 15 OF HER BRIEF, AAG TWINEM WOULD HAVE THE COURT BELIEVE THAT THE STATUTE OF LIMITATIONS HAD RUN, BUT THE JUDGMENT IN THIS ACTION WAS LEVIED ON OR ABOUT 15 NOVEMBER 2019 AND THIRTY SIX MONTHS WOULD HAVE BEEN 16 NOVEMBER 2022. Appellant commenced this action on May 6, 2021 well within the statute of limitation dates.

6. Even worse "JUDGMENT" conduct than that identified in paragraphs 4 and 5 above is the unexplained false allegations of judgment against this Appellant published by the WCB in December 2017 and February 2018. On or about December 14th 2017 the WCB notified Appellant "The Total Due in Summary Section includes $22,500.00 Net due in judgments obtained in New York State Supreme Court"

2

7. On February 14, 2018, WCB sent Appellant a second notice which clearly
stated :

"The Total Due in Summary Section includes $22,500.00 Net Due in judgments

obtained in New York State Supreme Court."


8. Had the 2nd Circuit allowed Appellant to attach exhibits to this Reply Brief, the

Circuit would see that the WCB attempted to file a judgment on March 30 2018,

but Appellant affirms under pains and penalties of perjury that no such judgment

occurred at that time or any time before November 15, 2019.


9. FOOTNOTE 3 ON PAGE 7 OF AAG TWINEM'S BRIEF BLITEHLY IT STATES :

   "IT TURNED OUT THAT, ALTHOUGH THE WCB HAD SUBMITTED A JUDGMENT
APPLICATION TO THE RELEVANT COUNTY CLERK IN 2017, THE APPLICATION HAD BEEN
RETURNED BY THE CLERK FOR CORRECTION AND WAS NEVER RESUBMITTED"

THE DSICOVERY DATA GIVEN TO APPELLANT BY THE ATTTORNEY GENERAL OF THE STATE OF

NEW YORK CONTAINS NO PAPERS REGARDING A 2017 JUDGMENT REQUEST.  NOR HAS

APPELLANT CASSIDY FOUND **ANYWHERE ELSE IN THE RECORD OF THIS APPEAL ANY EVIDENCE**

**THAT A 2017 JUDGMENT APPLICATION EVER** EXISTED. Appellant strongly suggests

that the Attorney General of the State of New York either uttered falsehood in its

August 24 2023 brief or intentionally withheld embarrassing information in

discovery that a first failed judgment application occurred in 2017 as well as a

second failed application in April 2018.  Appellant is unaware if falsus in uno,

falsus in omnibus, is still relevant in Federal Courts, but if it is, Appellant cites it

here.

10. IN A CHILLING FOOTNOTE TO HIS DECISION IN 21-cv-521, THEN NDNY CHIEF JUDGE SUDDABY HAS WARNED APPELLANT TO BE "POLITE." THEREFORE, APPELLANT CASSIDY "POLITELY" REQUESTS THE ATTORNEY GENERAL OF THE STATE OF NEW YORK TO LIMIT HER FILINGS TO TRUTH AS APPELLANT MUST DO.

11. Having the State of New York publish a judgment notice on a person is similar to having the State falsely but publicly notify you of a conviction for Pedophilia. Can the conviction be totally removed from a person's record ? In this world of massive data storage such as "the cloud," Appellant offers that the information can never totally be erased. Whether you are Democrat or Republican can you really sleep well at night knowing 2ND CIRCUIT condones this kind of State action ?

12. During a period of truce between Appellant and the Attorney General/WCB The State of New York struck again. On or about 15 November 2019 the WCB levied an actual judgment upon Appellant. Appellant howled to the Northern District of New York Court and that judgment was vacated in December 2019. The State's excuse --- the levy was an accident ...

13. On an unnumbered page of the August 24 2023 Brief for Defendants-Appellees titled "PRELIMINARY STATEMENT" the New York Attorney General states:

"In (June) 2016, the New York Workers' Compensation Board ("WCB") penalized Plaintiff $12,000 under New York Workers' Compensation Law 52(5) for failing to provide workers' compensation insurance for his employees for more than a year."

4

Appellant would point out to the Circuit that someone else owned the company "for more than a year."

14.  AAG Twinem at bottom of page 3 and top of page four states

 "From the time of plaintiff's purchase of the business in 2015 through May 2016, plaintiff attempted to transfer Harker's  workers'  compensation policy into his name, and he continued to pay premiums throughout  that time."

 (That "he" is  "me."

Appellant thanks AAG Twinem for honestly reporting on the situation.

15. " On June 2, 2016 the WCB issued a $12,000 penalty against plaintiff for failure to provide workers' compensation insurance  coverage  for his employees..."(Twinem page 5).    Plaintiff  had previously noted that  his current payment for workers' compensation made out to NYSIF cleared Plaintiff's bank account on the very same June 2, 2016  date that the  penalty was charged.

16. If New York Workers' Compensation Law 50 (5) cited by AAG Twinem allows the WCB  to charge  a $2,000 penalty for each ten days Plaintiff was not carrying Workers' Comp insurance,  HOW COULD A $12,000 PENALTY BE CHARGED THE SAME DAY A PAYMENT WAS RECEIVED?  Appellant is aware the term "ex-post-facto" applies to statutes, but does the theory also apply to evidence tampering ?

*5*

## 2nd CIRCUIT VIOLATED PRO-SE APPELLANT'S DUE PROCESS RIGHTS

17. Why , the Circuit may ask, is Appellant Cassidy rehashing damage done to him and previously condoned by the 2nd Circuit?  Because the 2nd Circuit NEVER ALLOWED this Appellant the opportunity in Appeal 21-2657 to argue against the "unpublished" decision of the 2nd Circuit !

18. The decision re "unpublished" Appeal 21-2657 appeared in Appellant's mailbox and some 18 days later an identical set of documents except for a large ink stamped "**MANDATE**" on the first page appeared in that same mailbox.  Appellant Cassidy was not aware of the "decision pause mandate" procedure employed by the Circuit.

19. Appellant Cassidy would have replied to the first 2nd Circuit notification if the 2nd Circuit had printed words to the effect "This decision may be questioned within 15 days of receipt if Appellant disagrees with the ruling."  The cost to the Court in extra ink would not even be measurable.  The fairness to a first time litigator would have been, in Appellant's opinion, enormous.

20. Since the Courts and the Democrat Attorney General and the Democrat led NYSIF and the Democrat led WCB all seem to think as one, this oft repeated baloney of "...even granting plaintiff the special solicitude due to a pro-se litigant..." (Twinem page 14) should be removed from civil litigation rules and

6

regulations in the 2nd Circuit as it has no meaningful purpose other than to mislead the public and give praise to hypocrisy. By the way, Appellee Darlene Dorsett listed on page 4 of 8 of a document titled **General Docket Court of Appeals, 2nd Circuit** as "Member of the New York State Workers' Compensation Board" is **not** to the best of Appellant's information and belief a member of that board.

## PAINS AND PENALTIES INFLICTED

21. Consider what has been INFLICTED ON this Appellant /Plaintiff "in the name of justice": First, the false Rooker-Feldman argument back in May 2018; Second the sworn under oath perjured Rooker-Feldman lie sworn to by a WCB "Senior Attorney" in June 2019 ; Third the false allegations of judgment levied upon Appellant published in December 2017 and February 2018 ;
Fourth , the false footnote 3 on page 7 of AAG Twinem's current brief before the 2nd Circuit in which the AAG states "It turned out that, although the WCB had submitted a judgment application to the relevant county clerk in 2017, the application had been returned by the clerk..." In the five years of papers flying around this case NO SUCH 2017 "JUDGMENT APPLICATION" APPEARS ANYWHERE IN THE BOXES AND BOXES OF SUBMISSSIONS; FIFTH, the collusion by the unauthorized Darlene Dorsett and Kelsey Raga of NYSIF to misappropriate almost $2,000.00 in Appellant's premium money to cause the so-called "...failure to provide workers' compensation insurance..." (Twinem page 5); Sixth, the actual levying of a judgment upon Appellant in November 2019; Seventh, the

invention of the District Court magistrate in NDNY 8:18-CV-394 (2nd Circuit 21-2657) of a "cause of action" not sought by Appellant and the use of that faux cause of action to find summary judgment for Appellees; Eighth, the near death fall off the back of his truck by Appellant in March 2017 caused by the fear of New York State levies Appellant believed to be imminent; Ninth, the eight years of his 80 years 9 month life span taken from Appellant by the lying, cheating, and stealing of these actions; and, Tenth, the complete loss of his business.

### PLAIN ERROR INFLICTED UPON APPELLANT

22. According to Ian S. Speir and Nina H. Mohebbi, "Preservation Rules in Federal Courts of Appeals", **16 J**, App. Prac & Process 281 (2015) pages 284-285, Appellant is the victim of Plain Error.

23. Plain Error generally requires the proponent of the new argument to show (1)" error," (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity , or public reputation of judicial proceedings. (United States v. Olano, 507 US 725, 732 (1993)

24. Plain Error relief "... is appropriate when a district court's error shakes 'one's faith in the judicial process." United States v. Ross, 77 F.3d 1525, 1539 7th Circuit 1996

25. As to the error: Magistrate Judge's actions became intemperate in the

predecessor case (8:18-cv-000394) when Appellant attempted to add three john Doe persons to that action which John Does had been granted previously by the sitting Federal Judge; the Magistrate refused Appellant an interlocutory appeal to the 2nd Circuit; refused also to add to the previous case those two persons who had made off with almost $2,000 in Appellant's premium money; the magistrate invented a cause of action not authorized or requested by Appellant and used that cause of action to grant summary judgment to Appellant's opponents.

26. On page 17 of Document 121 of Case 8-18-cv-00394-DJS the magistrate Judge states:

"the risk of erroneous deprivation in this case must be deemed minimal...
(where) the resolution of the plaintiff's claim revolves around documentary evidence. In fact, "in situations such as these where decisions are 'sharply focused and easily documented' and are based on an objectively verifiable set of facts, providing an individual with notice and an opportunity to file a written response is sufficiently reliable." City Line Auto Mall Inc. v Mintz 2006 WL 8439742 at *4 (E.D. N.Y. Oct 25 2006).

To the date of this filing, October 10, 2023,the NYSIF has never notified Appellant as to whom got Appellant's missing $2,000 premium dollars; what verification of Darlene Dorsett's legal bona fides did NYSIF perform to verify Dorsett's non-existent right to cancel Appellant's policy. For the record, in the Attorney General's Defendant's Disclosure -0075 on an "ACCORD" form Dorsett requested a cancellation date of "05/16/2016" but failed to fill out the form correctly. Dorsett submitted a second "ACCORD" form (marked Defendants' Disclosure 0095 on 05/24/2016 and the cancellation date had magically retrograded to 08/28/2015.

Magistrate Judge had no idea what had transpired much less an "objectively

verifiable set of facts" This magic retrograde gave WCB the necessary delinquency to penalize Appellant what eventually became $22,500.00. Lest Appellant file a criminal complaint the Attorney General, NYSIF, and WCB as well as Dorsett and Kelsey Raga kept this information from Appellant for almost four years, until April 2020. 2nd Circuit found this to be acceptable government behavior but helped hide the transaction with its "unpublished" decision. Do the justices who may read this wonder why Appellant feels Tammany Hall decided the first appeal?

27. More error was the WCB's canceling the policy that Appellant had paid nine month's premiums upon and had settled one accident claim. No notice of cancellation was sent to Appellant as statute required nor was Appellant ever informed who received the premium money and who the authorized person was who cancelled the policy. The only authorized cancellor was Appellant who never authorized cancel. Further, by statute the only reason to cancel was for non-payment of premium which was certainly not the case in this action.

28. As to "Plain" error: Appellant repeats paragraph 26 above.

29. As to "Substantial rights:" Magistrate took control of case 8:18-394 from Plaintiff and overruled previous judge's order on his own. Inventing magistrate's own cause of action and using it to grant judgment to defendants is in the opinion of Appellant unconscionable.

*10*

30. If the first three prongs of the plain-error test are met, the Court then asks whether the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." (United States ex rel. Bahrani v. ConAgra, Inc., 624 F.3d 1284, 1375

31. Appellant has listed many of the instances in which he has been denied relief. Appellant filed this action not to gain financial reward but to end the draconian practices of the Attorney General of the State of New York, the WCB, and the NYSIF.

32. The wanton means the triumvirate above inflict their will upon common citizens should not be allowed to continue, and the action of the 2nd Circuit declaring the collection practices of NYSIF and WCB violate the Bill of Attainder/Bill of Pains and Penalties clause of the Federal Constitution will begin a process of healing..

33. Appellant alleges a second and more obvious "plain error" regarding the untruthful manipulations of the judgment process levied upon this Appellant.

34. The male Attorney General of the State of New York first in his May 2018 brief argued falsely that Rooker-Feldman disqualified Appellant from access to U.S. District Court. New York State was falsely alleging to have levied a judgment upon Appellant. Not succeeding at first, the newly appointed Attorney General sent

her AAG into U.S. District court in June 2019 to once again attempt to disqualify Appellant Cassidy and lost big time when Cassidy through three drives to Elizabethtown New York once and for all established that NO JUDGMENT HAD THROUGH NOVEMBER 2019 EVER BEEN ISSUED UPON APPELLANT CASSIDY. That is the State of New York's egregious error.

35 That the error is plain is obvious as it sits in two briefs of the Attorney General of the State of New York (May 2018 and June 2019). For what it may be worth, Appellant asks the 2nd Circuit Court remember that the Attorney General on page 7 of her Brief of August 24 2023 continues to submit untruthful information regarding a non-existent 2017 judgment application.

36 As to the third requirement for Plain Error, the enforcement of the Attorney General's false filings would have ended Appellant Cassidy's access to Federal Court and his case.

37. Now we come to the fourth element of plain error: the shaking one's faith in the judicial process. It should be obvious to all who may read this reply brief that Appellant has no faith in the integrity of the highest levels of New York State law enforcement. Given the manipulation of Appellant's two cases in the Northern District of New York his faith in Federal Court is also shaken. The Second Circuit itself is on caution light in Appellant's brain because of its decision in NDNY 8:18-CV-394 (2nd Circuit 21-2657) which accepted among other things the unlawful forced seizure of Appellant's Insurance premiums by the very NYSIF alleged to

provide service to New York Employers. New York State Insurance Fund allowed

an insurance agent not representing Appellant nor having any connection with

Appellant's business to convert to God knows whom almost $2,000.00 in

premiums paid in which illegal conversion without notice or hearing enabled

NYSIF to perform an ex-post-facto cancellation of insurance from May 2016 to

September 2015 all without spending one first class postage stamp to inform

Appellant of their actions.


Finally, Appellant has been threatened by a Federal Judge, lost his business, been

mistreated by a magistrate Federal Judge, lost about $2,000.00 in premium

money, lost eight years of his life, and almost physically lost his life at the hands of

New York State Government and **HAS NEVER IN THOSE EIGHT YEARS OF**

**LITIGATION BEEN GRANTED ONE SINGLE HEARING. NOT ONE !**


Robert Craig Cassidy, Pro-Se

43 Pleasant Street, Rutland City, Vermont 05701

802 417-7601

STARR L SMITH
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SM6241762
Qualified in Essex County
My Commission Expires 05-23-2023


SWORN TO AND SIGNED IN THE VILLAGE OF TICONDEROGA, COUNTY OF ESSEX,
STATE OF NEW YORK THIS 10TH DAY OF OCTOBER 2023.

*1 3*

## CERTIFICATE OF COMPLIANCE

The foregoing Reply Brief for Appellant Robert Craig Cassidy complies with

Federal Rule of Appellate Procedure 32(a)(7)(B) and Local Rule 32.1(a)(4)(A)

Because it is proportionately spaced, has a typeface of 14 points, and contains

3,088  words not counting the words exempted by Federal Rule of Appellate

Procedure 32 (f).


Robert Craig Cassidy

Appellant Pro-Se

43 Pleasant Street

Rutland, Vermont 05701

802 417-7601

14

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**DEBRA ANN LIVINGSTON**
CHIEF JUDGE

Date: September 19, 2023
Docket #: 23-496
Short Title: Cassidy v. New York State Insurance Fund

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

DC Docket #: 21-cv-521
DC Court: NDNY (SYRACUSE)
DC Judge: Suddaby
DC Judge: Hummel

### NOTICE OF DEFECTIVE FILING

On September 19, 2023 the APPENDIX, on behalf of the Appellant Robert Craig Cassidy, was submitted in the above referenced case. The document does not comply with the FRAP or the Court's Local Rules for the following reason(s):

_____ Failure to submit acknowledgment and notice of appearance *(Local Rule 12.3)*
_____ Failure to file the Record on Appeal *(FRAP 10, FRAP 11)*
_____ Missing motion information statement *(T-1080 - Local Rule 27.1)*
_____ Missing supporting papers for motion (e.g, affidavit/affirmation/declaration) *(FRAP 27)*
_____ Insufficient number of copies *(Local Rules: 21.1, 27.1, 30.1, 31.1)*
_____ Improper proof of service *(FRAP 25)*
_____ Missing proof of service
_____ Served to an incorrect address
_____ Incomplete service *(Anders v. California 386 U.S. 738 (1967))*
_____ Failure to submit document in digital format *(Local Rule 25.1)*
_____ Not Text-Searchable *(Local Rule 25.1, Local Rules 25.2)*, click here
for instructions on how to make PDFs text searchable
_____ Failure to file appendix on CD-ROM *(Local Rule 25.1, Local Rules 25.2)*
_____ Failure to file special appendix *(Local Rule 32.1)*
_____ Defective cover *(FRAP 32)*
_____ Incorrect caption *(FRAP 32)*
_____ Wrong color cover *(FRAP 32)*
_____ Docket number font too small *(Local Rule 32.1)*
_____ Incorrect pagination, click here for instructions on how to paginate PDFs
*(Local Rule 32.1)*
_____ Incorrect font *(FRAP 32)*
_____ Oversized filing *(FRAP 27 (motion), FRAP 32 (brief))*
_____ Missing Amicus Curiae filing or motion *(Local Rule 29.1)*
_____ Untimely filing

_____ Incorrect Filing Event
**XX   Other: Improper filing. You already submitted an Appendix on 07/24/2023, therefore, you must be permitted by order of the Court to file an additional appendix. Please correct by filing a _motion to file supplemental appendix_ first.**

Please cure the defect(s) and resubmit the document, with the required copies if necessary, no later than **October 10, 2023**. The resubmitted documents, if compliant with FRAP and the Local Rules, will be deemed timely filed.

Failure to cure the defect(s) by the date set forth above will result in the document being stricken. An appellant's failure to cure a defective filing may result in the dismissal of the appeal.

Inquiries regarding this case may be directed to 212-857-8527.

APPELLANT DECIDED THE EASIEST WAY TO CURE THE DEFECT ABOVE WOULD BE TO REMOVE APPENDIX ON THE REPLY BRIEF. PLAINTIFF HAS REMOVED APPENDIX IN ITS ENTIRETY.

ROBERT CRAIG CASSIDY
APPELLANT
10 OCTOBER 2023

**United States Court of Appeals for the Second Circuit**

CAPTION:

ROBERT CRAIG CASSIDY

_____ v.

NEW YORK STATE INS. FUND,

_____ et. al, _____

**RECEIVED** 23 OCT 13 PH 3:03 U.S. CLERK'S OFFICE COURT OF APPEALS

**CERTIFICATE OF SERVICE**

Docket Number: 23-496

I, ROBERT CRAIG CASSIDY, hereby certify under penalty of perjury that on
        (name)

OCTOBER 10, 2023        , I served a copy of   APPELLANTS REPLY BRIEF
        (date)

_____

(list all documents)

by (select all applicable)*

[X] United States Mail
___ Federal Express
___ Overnight Mail
___ Facsimile
___ E-mail
___ Hand delivery

on the following parties (complete all information and add additional pages as necessary):

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| ① ALEXANDRIA TWINEM, ESQ, AAG | NYS OFFICE OF THE ATTORNEY GENERAL THE CAPITOL, ALBANY | NY | | 12224 |

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| ② DARLENE DORSETT, L. STOCTIN MARIN AGENCY 84 MONTCALM ST, TICONDEROGA | | | NY | 12883 |

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| | | | | |

10/10/2023
Today's Date

_____
Signature

*If different methods of service have been used on different parties, please indicate on a separate page, the type of service used for each respective party

ROBERT CRAIG CASSIDY
43 PLEASANT ST.
RUTLAND, VERMONT
05701



7021 2720 0000 0230 3072

*Retail*





10007

**RDC 03**

U.S. POSTAGE
PM
TICONDEROG
OCT 10, 2023

**$14.90**

R2305K13825

USM4LD
SDNY

"M.S.A.-OK"

CATHERINE O'HAGAN WOLFE
CLERK OF THE COURT
U.S. COURT OF APPEALS 2nd CIRC
THURGOOD MARSHALL U.S. COURTHOU
40 FOLEY SQUARE
NEW YORK, NEW YORK